J-S08037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC WILLIAMS | |
| Appellant | No. 2349 EDA 2014 |

Appeal from the PCRA Order July 17, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001104-2009

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED FEBRUARY 18, 2015**

Appellant Eric Williams appeals from the order of the Delaware County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  We affirm.

On February 17, 2010, Appellant entered a negotiated guilty plea to possession of a controlled substance with intent to deliver ("PWID").[1]  The trial court sentenced Appellant to six to twelve years' imprisonment.  Appellant did not file post-sentence motions or a notice of appeal.

On December 26, 2012, Appellant filed a *pro se* PCRA petition.  On, January 17, 2013, the PCRA court appointed counsel.  On May 29, 2014,

_____

[1] 35 Pa.C.S. § 780-113(30)(a).  Appellant was charged with six drug-related offenses.  Pursuant to the negotiated plea agreement, Appellant pled guilty to one charge, and the Commonwealth *nolle prossed* five charges.

counsel filed a **Turner/Finley**[2] letter and an application to withdraw as counsel.

On June 10, 2014, the PCRA court filed a notice of intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's application to withdraw. On July 17, 2014, the PCRA court dismissed the petition. Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> I. Whether the PCRA Court erred by failing to assess the appellant's claim properly under Pa.R.Crim.P. 907 and 908?

> II. Whether PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to continue suppression of evidence due to an illegal search and seizure?

Appellant Brief at v (verbatim).

Pursuant to Pennsylvania law, no court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Monaco**, 996 A.2d 1076, 1079 (Pa.Super.2010) (citing **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa.2003)). The PCRA provides that a petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1); **accord Monaco**, 996 A.2d at

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) and **Commonwealth v. Turner**, 544 A.2d 927 (Pa.Super.1988).

1079; **Commonwealth v. Bretz**, 830 A.2d 1273, 1275 (Pa.Super.2003). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Three exceptions to the PCRA's time-bar provide for very limited circumstances under which a court may excuse the late filing of a PCRA petition. 42 Pa.C.S. § 9545(b)(1); **Monaco**, 996 A.2d at 1079. The late filing of a petition will be excused if a petitioner alleges and proves:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petition invoking an exception to the PCRA time-bar must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant's judgment of sentence became final on March 19, 2010, thirty days after the February 17, 2010 judgment of sentence. **See** 42

Pa.C.S. § 9545(b)(3) (judgment is final at the conclusion of direct review or at the expiration of time for seeking review); Pa.R.App.P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). He had one year from that date, i.e., March 21, 2011,[3] to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). He did not file this PCRA petition until December 26, 2012, nearly one year after the expiration of the PCRA time-bar.

Appellant maintains he filed the petition within one year of his incarceration in Pennsylvania, which followed his incarceration in Maryland. The PCRA time-bar, however, began to run when his judgment of conviction became final, not when he began to serve his Pennsylvania sentence. 42 Pa.C.S. § 9545(b)(1). The PCRA requires that the person be convicted of a crime under Pennsylvania law, but it does not require that the person be incarcerated in a Pennsylvania prison. 42 Pa.C.S. § 9543(a)(1) ("To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following: (1) That the petitioner has been convicted of a crime under the laws of this

---

[3] March 19, 2011 was a Saturday. Appellant, therefore, had until Monday, March 21, 2011 to file a timely PCRA petition. *See* Pa.R.Civ.P. 106(b) ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

- 4 -

Commonwealth and is at the time relief is granted: . . . (iii) serving a sentence which must expire before the person may commence serving the disputed sentence.").

Appellant's PCRA petition is untimely and he has neither alleged nor proven any exception to the PCRA time-bar. Accordingly, we lack jurisdiction to address the petition's merits. We affirm the order dismissing the PCRA petition.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015

---

[4] The PCRA court addressed the merits of Appellant's petition. However, because the petition was untimely, it lacked the jurisdiction to do so. We may affirm the PCRA court's decision on any basis, including grounds not relied upon by the PCRA court. **Commonwealth v. Beck**, 848 A.2d 987, 991 n.8 (Pa.Super.2004).