**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Douglas BECK, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 20, 2003.

Filed April 22, 2004.

Douglas Beck, appellant, Pro Se.

Timothy F. McCune, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before: STEVENS, LALLY–GREEN, and MONTEMURO *, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Butler County on October 21, 2002, denying Appellant's "Petition for Writ of Habeas Corpus to Correct Time Credit." Herein, Appellant contends that the trial court erred in failing to properly credit him with time spent in custody. We affirm.

¶ 2 A review of the record indicates that Appellant was initially arrested on January 23, 1998, in Mercer County on, *inter alia,* two firearms charges at criminal case number 225 of 1998 [1] and committed to the Mercer County Jail. Thereafter, on February 14, 1998, he was charged, *inter alia,* with three counts of robbery at case numbers 471, 472, and 473 of 1998.[2] These charges arose from incidents that transpired in December of 1997 and January of 1998, two of which occurred in Butler County and one in Crawford County. Contending that the charges in Butler County arose out of the same criminal episode pending in Mercer County and, hence, should be prosecuted in one county, the Commonwealth filed a motion to transfer the Mercer County charges to Butler County.[3] By Order filed April 27, 1998,

the case was so transferred, at which time the matter became number 828 of 1998. In addition, as per the Commonwealth's motion to consolidate the cases in Butler County, by Order issued May 12, 1998, the cases were consolidated for trial.[4]

¶ 3 Thereafter, pursuant to a negotiated plea agreement, Appellant entered a guilty plea to the firearms and robbery offenses and, on October 22, 1998, was sentenced, *inter alia,* to concurrent seven and one-half (7½) to fifteen (15) year terms of imprisonment on the robbery charges and concurrent one (1) to two (2) years terms on the firearms charges.

¶ 4 In response to Appellant's subsequent petition to receive credit for time served in Mercer County custody prior to his transfer to Butler County, which the court termed a Motion to Modify Sentence, and the Commonwealth's answer thereto, the court, by order issued October 4, 1999, credited Appellant with time served from January 23, 1998 to October 22, 1998, on case number 828 of 1998. The court added that Appellant was to receive no credit for time served on case numbers 471, 472, and 473 of 1998.

¶ 5 No action was taken in the case *sub judice* until June 13, 2002, when Appellant filed the present document for review entitled "Petition for Writ of Habeas Corpus to Correct Time Credit." Therein, Appellant claims that the time he spent in custo-

---

* Retired Justice Assigned to the Superior Court.

1. 18 Pa.C.S.A. § 6105(a)(1) and § 6106(a).

2. 18 Pa.C.S.A. § 3701.

3. As evidenced by the record, upon agreement of Appellant's counsel and the Butler County District Attorney's Office, the robbery charge filed in Crawford County was transferred to

Butler County in May of 1998. *See* Motion to Continue filed 7/23/98.

4. We note that Appellant was also charged with simple assault at case number 1152 of 1998, later pled guilty, and, on October 22, 1998, was sentenced on this offense. Since this offense does not form the basis of the present appeal, discussion of such will be omitted at this time.

dy in Butler County prior to his sentencing should be credited (actually quadruple credited) to the sentences he received on case numbers 471, 472, and 473 of 1998. By Order filed October 21, 2002, Appellant's petition for habeas corpus relief was denied. The present appeal followed.[5]

¶ 6 Herein, Appellant questions whether the trial court erred "by failing to credit [him] for all time spent in custody as a result of the criminal charges for which the terms of imprisonment were imposed[.]" Brief of Appellant at 3. Specifically, he argues that, since he was being detained on all the charges in question, the court was required to give him credit on each sentence that was imposed.

■ ¶ 7 We find that Appellant has improperly challenged his sentence collaterally through the use of a petition for habeas corpus relief. The Pennsylvania legislature amended the rules pertaining to post conviction relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546, by specifying that the PCRA is the sole means for obtaining collateral relief, and that it supersedes common law remedies. The PCRA states, in relevant part, as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.

42 Pa.C.S.A. § 9542 (emphasis added). This Court has held, however, that a writ of habeas corpus is a basis for relief in cases where there is no remedy under the PCRA. See Commonwealth ex rel Dadario v. Goldberg, 565 Pa. 280, 287, 773 A.2d 126, 131 (2001).

■ ¶ 8 An appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence. Commonwealth v. Hollawell, 413 Pa.Super. 42, 604 A.2d 723, 725 (1992). Issues concerning the legality of sentence are cognizable under the PCRA. Commonwealth v. Hockenberry, 455 Pa.Super. 626, 689 A.2d 283, 288 (1997).

¶ 9 Thus, although the present Appellant has couched his petition in term of habeas corpus, the relief he seeks is cognizable under the PCRA. As such, we will review his appeal pursuant to the dictates and limitations imposed by that statute. See Goldberg, 773 A.2d at 131.

■ ¶ 10 The Supreme Court has held that the timeliness requirements of the PCRA are "[j]urisdictional time limits [that] go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." Commonwealth v. Fahy, 558 Pa. 313, 329, 737 A.2d 214, 222 (1999) (citations omitted). The Fahy court added that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." Id. at 331, 737 A.2d at 223. See also Commonwealth v. Guthrie, 749 A.2d 502, 503 (Pa.Super.2000) (citing Fahy and stat-

---

5. Pursuant to the court's order to do so, Appellant filed a statement of matters complained of on appeal, to which the court issued an order referencing its prior opinions dated October 1, 1999, and October 18, 2002.

ing that "[e]ven within the PCRA, the time limits described in 42 Pa.C.S.[A.] § 9545 have been held to apply to questions raising the legality of sentence.").[6]

¶ 11 The Legislature, on November 17, 1995, and effective sixty days thereafter, modified the requirement of when a PCRA petition must be filed. *See* 42 Pa.C.S.A. § 9545(b); *See also Commonwealth v. Crider*, 735 A.2d 730, 732 (Pa.Super.1999) (discussing implementation and mandate of 1995 alterations to Section 9545 of the PCRA). Title 42 Pa.C.S.A. § 9545(b)(1) provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date judgment becomes final...." Pursuant to Pa.C.S.A. § 9545(b)(3), "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

¶ 12 In the case *sub judice*, the record indicates that Appellant's judgment of sentence became final after the court modified Appellant's sentence on October 4, 1999,

and the time for seeking review with this Court expired. *See* Pa.R.A.P. 903; *See also* 42 Pa.C.S.A. § 9545(b)(3). Thus, in order to satisfy the above-discussed timeliness requirements, Appellant was required to file his PCRA petitions within one year from November of 1999. Because his petition was filed on June 13, 2002, clearly more than one year from the date his judgment became final, on its face, the petition is untimely.[7]

¶ 13 Section 9545(b)(1), however, provides the following three excepted circumstances wherein a petition that is filed in an untimely manner may be considered by the court:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascer-

---

**6.** As recently stated by this Court in *Commonwealth v. Voss*, 838 A.2d 795, 800 (Pa.Super.2003):

> [T]here is authority for the proposition that claims of illegality of sentence cannot be waived. *See e.g. Commonwealth v. Diamond*, 376 Pa.Super. 485, 546 A.2d 628, 631 n. 3 (1988) (citing *Commonwealth v. Fulton*, 315 Pa.Super. 420, 462 A.2d 265, 266 n. 4 (1983)). These cases, of course, predate the 1995 amendments to the PCRA which added the jurisdictional time limit to such proceedings.... While cases decided since the adoption of the 1995 amendments continue to invoke the 'legality of sentence can never be waived' language, *see, e.g., Commonwealth v. Davis*, 760 A.2d 406, 409 (Pa.Super.2000); *Commonwealth v. Hockenberry*, 455 Pa.Super. 626, 689 A.2d 283, 288, *appeal denied*, 548 Pa. 645, 695 A.2d 784 (1997), in light of *Fahy* and its progeny, which emphasize the jurisdictional nature

of the PCRA time limits, the broad language of *Davis* and *Hockenberry* may not accurately reflect current law.

**7.** There exists a *proviso* to the 1995 amendments which provides a grace period for petitioners whose judgments became final on or before the effective date of the amendments. An otherwise untimely petition is deemed timely provided the petition is a first petition filed within one year following the effective date of the amendments. Act of November 17, 1995, P.L. 1118 No. 32 (Spec.Sess. No. 1), § 3(1); *See Commonwealth v. Thomas*, 718 A.2d 326 (Pa.Super.1998) (*en banc*). Herein, Appellant's petition, although technically the first filed since the imposition and modification of his sentence, does not meet the *proviso's* requirements in that his judgment became final after the effective date of the amendments.

tained by the exercise of due diligence; or

(iii) the right is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(i), (ii), and (iii).

¶ 14 In the present case, Appellant's brief is devoid of allegations that any of the above-enumerated exceptions prevented him from filing a timely petition. As such, he has failed to invoke any of the exceptions to the timeliness requirement.

¶ 15 Accordingly, having found Appellant's petition to have been filed in an untimely manner, we lack jurisdiction to address the merits of the arguments contained therein. *See Commonwealth v. Murray*, 562 Pa. 1, 5, 753 A.2d 201, 203 (2000). Therefore, we affirm the order dismissing Appellant's petition for relief.[8]

¶ 16 Order Affirmed.

---

**8.** Although the trial court denied Appellant's petition on the ground that the issue of credit for time served was previously presented and addressed by the court in its order of October 4, 1999, we may affirm the decision of denial if it is correct on any basis. *See Commonwealth v. Hutchins*, 760 A.2d 50, 55 (Pa.Super.2000).