J-S51035-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DENNIS STEVEN BARNA, | : | |
| | : | |
| Appellant | : | No. 7 MDA 2014 |

Appeal from the PCRA Order entered on November 14, 2013
in the Court of Common Pleas of Union County,
Criminal Division, No(s): CP-60-CR-0000089-2008;
CP-60-CR-0000162-2003; CP-60-CR-0000353-2005

BEFORE: BOWES, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED SEPTEMBER 26, 2014**

Dennis Steven Barna ("Barna") appeals from the Order dismissing his first Petition for relief, filed pursuant to the Post Conviction Relief Act ("PCRA"), challenging the trial court's purported error in failing to credit him with time served when sentencing him on his underlying convictions. ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 5, 2006, Barna pled guilty at docket number 162-2003 ("No. 162-2003") to driving under the influence of alcohol, after which the trial court sentenced him to two days to six months in the Union County Prison, plus eighteen months of probation. On the same day, Barna pled guilty at docket number 353-2005 ("No. 353-2005") to bad checks, after which the trial court sentenced him to a consecutive term of six months to one year in

prison, plus three years of probation. Barna was subsequently released from prison on parole/probation.

On January 9, 2007, police learned that Barna had committed technical violations of his parole/probation, and they took him into custody and incarcerated him in the Union County Prison. On April 11, 2007, the trial court revoked Barna's parole at No. 353-2005, gave him credit for the ninety-one days that he had been incarcerated, and resentenced him to serve the balance of his underlying maximum sentence of one year in prison. Barna was subsequently released on parole in June 2007.

On March 7, 2008, Barna was arrested and charged at docket number 89-2008 ("No. 89-2008") with several offenses, including burglary and theft by unlawful taking. In response, by an Order entered on April 23, 2008, the trial court revoked Barna's probation at No. 162-2003, resentenced him to serve six to eighteen months in the Union County Prison, and gave him credit for forty-six days that he had served toward this sentence.[1]

Over five years later, Barna, *pro se*, filed his first PCRA Petition, alleging a claim of newly discovered facts – in the nature of new information showing that he did not receive proper credit for time he had served at No. 162-2003 in the Union County Prison. On October 15, 2013, the PCRA court gave Barna Notice of its intent to dismiss his PCRA Petition without a

---

[1] Regarding Barna's guilty plea at No. 89-2008 to the charge of theft by unlawful taking, the trial court sentenced Barna to serve eight months to five years in prison, consecutive to the probation revocation sentence imposed at No. 162-2003.

hearing, pursuant to Pa.R.Crim.P. 907, and issued an Opinion explaining its reasons for determining that Barna had failed to meet the requirements of the newly discovered facts exception. Barna filed a *pro se* response. On November 14, 2013, the PCRA court dismissed Barna's Petition as untimely, after which Barna timely filed a Notice of Appeal.

On appeal, Barna presents the following issues for our review:

I. Whether the [PCRA] court erred when it summarily denied the issues raised in the PCRA Petition without an evidentiary hearing?

II. Whether the PCRA court committed reversible error when it failed to address whether [] Barna was entitled to credit for time previously served prior to sentencing?

Brief for Appellant at 7 (capitalization omitted). We will address Barna's related issues simultaneously.

In reviewing a challenge to an order dismissing a PCRA petition, our standard of review is "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Gandy**, 38 A.3d 899, 902 (Pa. Super. 2012).

Under the PCRA, any PCRA petition must be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

- 3 -

Where, as here, a PCRA petitioner challenges the legality of his sentence by asserting that he was not awarded credit for time served, this is a cognizable claim under the PCRA. **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004). However, the petitioner must still meet the jurisdictional timeliness requirements of the PCRA or one of the exceptions thereto. **Id.**

Although Barna concedes that his PCRA Petition is facially untimely, he asserts that he has met the requirements of the "newly discovered facts" exception to the PCRA's time limitation. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) (providing that a PCRA petitioner may file a petition after the expiration of the one-year time bar if the petitioner can plead and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]"); **see also Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010) (stating that "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests."). "The focus of the exception is on the newly-discovered facts, not a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008). "[The Pennsylvania Supreme] Court has addressed the meaning of 'facts' as that term is employed in Section 9545(b)(1)(ii) and held that, to constitute such 'facts,' the information may not be part of the public record." **Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013) (citation

- 4 -

omitted). The requirement that the petitioner must explain why he could not have obtained the new fact(s) earlier with due diligence is strictly enforced. ***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*) (citation omitted). Finally, any PCRA petition invoking one of the statutory exceptions to the PCRA's time limitation must be filed within sixty days of the date that the claim could have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).

Barna argues that the probation revocation court at No. 162-2003 erred in failing to credit him for time that he had served toward that case in the Union County Prison between January 9, 2007, and June 19, 2007, which, Barna asserts, was not applied to any of the other sentences that he was serving. ***See*** Brief for Appellant at 15-17; ***see also*** PCRA Petition, 10/7/13, at 3-4. Barna maintains that he first discovered that he was not credited with the time in question when he allegedly received a letter from the Snyder County Prison in August 2013 (hereinafter referred to as "the Snyder Prison Letter").[2] According to Barna, the Snyder Prison Letter included a separate letter addressed to him from the Union County Prothonotary's Office (hereinafter referred to as "the Union County Letter"), dated December 3, 2010, which merely stated that Barna had been

---

[2] We observe that the Snyder Prison Letter, which Barna attached to his PCRA Petition, consists only of a handwritten note, on which Barna himself had also written, as well as a copy of an envelope addressed to Barna from the Snyder County Prison, date-stamped August 14, 2013. ***See*** PCRA Petition 10/7/13, Exhibit B.

incarcerated in the Union County Prison between January 9, 2007, and June 19, 2007. *Id.*; *see also* PCRA Petition 10/7/13, Exhibit C. Additionally, Barna maintains that he filed his PCRA Petition within sixty days of receiving the Snyder Prison Letter. Reply Brief for Appellant at 5-6.

Barna has failed to explain why he could not have learned of the purported lack of credit for time served earlier with the exercise of due diligence. Not only was the amount of time that he served in the Union County Prison a matter within Barna's personal knowledge, but this information was also part of the public record. *See Edmiston, supra* (stating that a petitioner cannot meet the newly discovered facts exception fails if the "facts" were part of the public record).[3]

Nevertheless, even if Barna had established the newly discovered facts exception, our review of the certified record shows that he was credited *at No. 353-2005* with the time he served in the Union County Prison between January 9, 2007, and April 11, 2007.[4] *See* Probation Revocation Court Order, 4/13/07, at ¶ 3. Barna was not entitled to have this time also credited toward his sentence at No. 162-2003. *See Commonwealth v.*

---

[3] Moreover, Barna received the Union County Letter in December 2010, but he never raised a claim that he was not credited with the time referenced in that letter until nearly three years later. Accordingly, Barna failed to file a PCRA Petition invoking the newly discovered facts exception within sixty days after receiving the Union County Letter, as required by section 9545(b)(2).

[4] Barna fails to acknowledge in his brief that the trial court revoked his parole at No. 353-2005.

*Davis*, 852 A.2d 392, 400 (Pa. Super. 2004) (stating that a defendant is entitled to credit only once for presentence detainment). Additionally, Barna was released on parole, at No. 353-2005, on June 19, 2007, and, therefore, the time he served in prison between April 11, 2007, and June 19, 2007, was applied toward his sentence at No. 353-2005. *See* Commonwealth's Motion to Revoke Defendant's Probation/Parole (No. 353-2005), 3/19/07, Exhibit C.

Accordingly, because (1) Barna's PCRA Petition is facially untimely and he has failed to meet his burden of proof with regard to the newly discovered facts exception to the PCRA's time limitation; and (2) we discern no illegality in Barna's sentence, we conclude that the PCRA court properly dismissed Barna's PCRA Petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014