J-S79040-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CYNTHIA ALVARADO, | : | |
| | : | |
| Appellant | : | No. 1923 EDA 2014 |

Appeal from the PCRA Order Entered June 20, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0001257-2009

BEFORE:    ALLEN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED FEBRUARY 19, 2015**

Cynthia Alvarado (Appellant) appeals from the order entered on April 29, 2014, dismissing her petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On July 15, 2010, following a joint trial with Oscar Alvarado (Oscar), a jury convicted Appellant of being an accomplice to a second-degree murder and robbery committed by Oscar.  The trial court sentenced Appellant to life in prison.

On direct appeal of her judgment of sentence, Appellant challenged the manner in which the trial court answered a question posed by the jury during their deliberations.  This Court explained the issue as follows.

> [B]efore reaching its verdict, the jury submitted numerous questions to the trial court including several that were related to accomplice liability.  The court's initial instruction with respect to

*Retired Senior Judge assigned to the Superior Court.

accomplice liability substantially conformed to Pennsylvania Suggested Standard Jury Instruction § 8.306(a)(1). The jury's first set of questions asked the trial court to redefine accomplice liability. The trial court complied with the jury's request.

A few hours later at 3:40 p.m., the jury sent out another set of questions, which included an inquiry into the relationship between conspiracy and accomplice liability; whether there can be one without the other and can one make a defendant responsible for the other. The trial court attempted to clarify the jury's understanding of the relationship between conspiracy and accomplice liability by reiterating the nature of each of these legal concepts and how they relate to one another. After giving this last instruction, the jury was dismissed for the day.

Jury deliberations resumed the next day at 9:48 a.m. At 12:19 p.m., the jury again asked the trial court to redefine accomplice liability which the court did before excusing the jury for lunch. At 2:11 p.m., the jury sent out their last group of questions in response to which the trial court decided she would simply write answers on the note that the jurors had written their questions on and send it back. These questions included the following inquiry which represents the issue raised on appeal by appellant: "Does aiding after a crime in itself constitute accomplice liability?" The word "after" was underlined by the jury.

Counsel and the trial court discussed this question at length. Initially, the court considered responding "no," given the Commonwealth's theory that [A]ppellant was a co-conspirator who had solicited her co-defendant[] to commit the robbery before it occurred. The Commonwealth argued that a defendant's actions after a crime is committed can support a finding of accomplice liability, where the defendant knew about the crime and sought to facilitate it, such as, by acting as the getaway driver. Appellant's counsel requested the court answer the question "no." The trial court concluded that the proper answer to the question was "It could." The trial court stated:

All right. So the answer to that one is "it could." I mean, you know, how do you expect me to answer them? I don't want to get into a discussion of the evidence if you believe

this, if you believe that, you know, et cetera. I'd rather just let them decide.

And, I mean, I've given them the accomplice charge a number of times, so I don't know if they're having difficulty with it, obviously, because I don't think it's that difficult to understand. And the last time I tried to explain it as best I could. So I think the best answer is to say "it could" which it's not "yes," it's not "no." "It could."

[APPELLANT'S COUNSEL]: As long as you say it's not "yes" and it's not "no."

THE COURT: Well, I'm not going to say it's not "yes" and it's not "no." I'm just going to say "it could."

The trial court and counsel then proceeded to discuss the agreed upon answers to the other questions submitted by the jurors. The court proposed sending the jury's questions back with the agreed upon answers written after each question "unless somebody is strenuously opposed." No one objected.

After reviewing the remaining questions and answers, appellant's counsel stated:

Your Honor, my only suggested correction is in the first question [regarding accomplice liability]. When you say "It could," I would like to have language to be "It could, but not necessarily."

THE COURT: Let me - let's see.

[THE COMMONWEALTH]: Well, that's repeating what "it could" means. "It could" means --

THE COURT: "It could" is conditional. So, your point is noted on the record, obviously, but I'm going to have [the court crier] take this back down to the fifth floor, make a copy on our better copy machine down there so that we'll preserve what was actually handed to the jury, and then if you would give the better copy to the jury.

- 3 -

*Commonwealth v. Alvarado*, 53 A.3d 933 (Pa. Super. 2012) (unpublished memorandum at 6-9) (citations omitted).

Appellant argued on appeal that the trial court erred in submitting its answer to the jury's question in writing. Appellant further argued that the substance of the court's answer to the question, *i.e.*, "It could," was legally incorrect. This Court found that Appellant waived these issues because she failed to object to the court sending its answer to the jury in written form and because she failed to lodge an exception to the substance of the court's answer. *Id.* at 9-11.

However, as to the propriety of the court's answer, "It could," in a footnote, this Court stated that, even if Appellant had not waived her issue, her argument would fail for the reasons provided on pages 10 through 14 of the trial court's opinion. In that portion of its opinion, the trial court provided the following, relevant analysis.

> The driver of a car is guilty of a crime under accomplice liability theory if the driver, *prior* to driving away from the scene, had knowledge that a crime had been committed. If the driver of the car witnesses a shooting and then proceeds to drive the shooter away from the scene, the driver is an accomplice.
>
> It is undisputed that [Appellant] drove the co-defendant away from the park immediately after the robbery and murder occurred. The Commonwealth presented sufficient evidence that, prior to driving away, [Appellant] was aware both a robbery and murder had occurred. [Appellant], in fact suggested to the co-defendant that he use his gun to obtain Xanax pills. [Appellant] also admitted in her [] police statements that she witnessed the shooting of the victim before driving away.

Therefore, [Appellant] *could* be found guilty of the crimes committed by the co-defendant under an accomplice liability theory if the jury found that she had knowledge that the crimes had occurred prior to driving away. Given the evidence presented by the Commonwealth at trial and [the trial court's] instruction as a whole, [the trial court] did not commit legal error by instructing the jury that [Appellant] could be found guilty under an accomplice liability theory by driving with the co-defendant away from the scene….

Trial Court Opinion, 4/19/2011 at 13-14 (citations omitted; emphasis in original). This Court affirmed Appellant's judgment of sentence on June 19, 2012. *Commonwealth v. Alvarado*, 53 A.3d 933 (Pa. Super. 2012) (unpublished memorandum).

On July 19, 2012, Appellant filed in our Supreme Court a petition for allowance of appeal. On August 17, 2012, Appellant, acting *pro se*, filed a PCRA petition. The Supreme Court denied Appellant's petition for allowance of appeal on October 5, 2012.

PCRA counsel for Appellant entered his appearance on July 5, 2013. On September 2, 2013, PCRA counsel filed a PCRA petition on Appellant's behalf.[1] Therein, Appellant presented two issues: 1) whether trial counsel

---

[1] PCRA counsel styled this petition as an "Original Petition/Amended Petition Seeking Collateral Relief." Because Appellant filed her *pro se* PCRA petition while her petition for allowance of appeal was pending in the Supreme Court, PCRA counsel was understandably concerned that Appellant's *pro se* petition was prematurely filed and, therefore, was a legal nullity. Original Petition/Amended Petition Seeking Collateral Relief, 9/2/2013, at 1 n.1; *see Commonwealth v. Leslie*, 757 A.2d 984 (Pa. Super. 2000) (noting that the PCRA court should have dismissed without prejudice Leslie's PCRA petition because it was filed while her direct appeal was pending and concluding that

was ineffective for failing to object to the substance of the trial court's response to the jury's question discussed above; and 2) whether trial counsel was ineffective for failing to object to the trial court giving its answer to that question to the jury in written form.

After the Commonwealth responded to Appellant's PCRA petition, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 that it intended to dismiss the petition without holding an evidentiary hearing.[2]   The court formally dismissed Appellant's petition on June 20, 2014.

Appellant timely filed a notice of appeal.  The PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant did so.  The PCRA court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a).  In her brief to this Court, Appellant asks us to consider the questions that follow.

> [1.]   Did the PCRA court commit an abuse of discretion by denying a hearing and then relief on Appellant's claim that she was deprived of effective assistance of counsel at trial because trial counsel did not object when the trial court, responding to a jury question asking, "Does aiding <u>after</u> a crime in itself

---

the PCRA court erred by proceeding on the merits of the petition during the pendency of the direct appeal).

The PCRA court should have dismissed without prejudice Appellant's *pro se* PCRA petition.  However, Appellant's counseled petition was filed after she exhausted her direct appeal rights, and the PCRA court never considered the merits of the *pro se* petition.  Instead, the court proceeded on the merits of the counseled petition.  Consequently, we can discern no procedural misstep by the PCRA court.

[2] This notice is not in the certified record but is noted on the PCRA court's docket.

- 6 -

constitute accomplice liability?"  Advised the jury, "It could." In writing in contravention of the law?

[2.]  Did the PCRA court commit an abuse of discretion by denying a hearing and then relief on Appellant's claim that she was deprived of effective assistance of counsel at trial because trial counsel did not object when the trial court responded to a jury question out of the presence of Appellant, in writing, and not in open court asking, "Does aiding _after_ a crime in itself constitute accomplice liability?"  Advised the jury, "It could."  In contravention of the law?

Appellant's Brief at 3 (unnecessary capitalization and PCRA court's answer omitted; emphasis in original).

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error.  **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

Both of Appellant's issues involve claims that trial counsel provided ineffective assistance.  "To establish ineffectiveness of counsel, a PCRA petitioner must show the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner.  Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different."  **Commonwealth v. Jones**, 71 A.3d 1061, 1063 (Pa. Super. 2013) (citations omitted).

In support of her first issue, Appellant argues that the PCRA court erred by concluding that trial counsel was not ineffective for failing to object

to the substance of the trial court's answer of "It could" to the jury's question, "Does aiding <u>after</u> a crime in itself constitute accomplice liability?" Guided by our Supreme Court's decision in **Commonwealth v. Reed**, 971 A.2d 1216 (Pa. 2009), we conclude that Appellant's claim warrants no relief.

In **Reed**, our Supreme Court concluded that, when this Court initially finds an issue waived on direct appeal but then determines that the issue is meritless, the ruling on the merits is a valid holding that constitutes the law of the case as to the ruled-upon issue. **Reed**, 971 A.2d at 1220. The Supreme Court further concluded that, because the ruling on the merits of the issue is the law of the case, it constrains this Court's review of the same issue, nested in a claim of ineffective assistance of counsel, in collateral proceedings. **Id.**

In fact, as to Reed's claim that counsel was ineffective for filing a deficient brief on direct appeal, the Supreme Court reasoned as follows.

> [T]he Superior Court in [Reed's direct appeal]*,* in addition to finding Reed's evidentiary claim waived, further determined that evidence of Reed's prior bad acts was, in fact, admissible, and this determination is binding on the Superior Court on remand under the doctrine of law of the case. As a result, Reed will be unable, as a matter of law, to establish that he suffered actual prejudice based on trial counsel's filing of a deficient appellate brief. **See Commonwealth v. Collins**, 585 Pa. 45, 61, 888 A.2d 564, 573 (2005) (holding that ineffectiveness claims raised in a PCRA petition are distinct from those claims raised on direct appeal, and must be reviewed under the three-prong [ineffective assistance of counsel] test[], but recognizing that in many instances the claim may ultimately fail on the arguable merit or prejudice prong for the reasons discussed on direct appeal). Accordingly, under the circumstances of the instant case, a

- 8 -

remand would serve no purpose, and so we reverse the order of the Superior Court.

*Id.* at 1227.

As we discussed above, on direct appeal, Appellant argued that the trial court's answer to the jury's question was legally incorrect. Although this Court initially found that issue waived, it went on to conclude that Appellant's argument failed, relying on the rationale provided by the trial court in its opinion. Pursuant to **Reed**, that conclusion became the law of the case. Thus, Appellant now cannot establish the arguable merit or prejudice prongs of her claim that trial counsel rendered ineffective assistance of counsel for failing to object to the substance of the trial court's answer to the complained-of jury question. For these reasons, Appellant's first issue warrants no relief.[3]

Under her second issue, Appellant maintains that the PCRA court erred by concluding that trial counsel was not ineffective for failing to object to the court submitting its answer to the jury's question in written form. Appellant suggests that counsel's ineffectiveness in this regard was exacerbated by counsel's failure to insist that Appellant be present during the discussions regarding how the court should respond to the jury's question.

---

[3] Appellant recognizes that, on direct appeal, this Court found no merit to her underlying claim of error. Appellant's Brief at 37 n.6. Appellant contends that this determination was *dicta* because of the initial finding of waiver. *Id.* The above discussion clearly establishes that Appellant's assessment is incorrect.

Even if we assume *arguendo* that Appellant's claim has arguable merit, we can discern no prejudice resulting from counsel's failure to object to this alleged error or from counsel's failure to insist that Appellant be present during discussions regarding how the court should respond to the jury's question. Regardless of whether the jury read the trial court's answer in written form or heard it in open court, there is no reason to believe the court's answer would not have been the same: "It could." The law of the case binds us to conclude that the substance of this answer was legally accurate. Appellant simply has failed to convince us that, but for counsel's inaction, the outcome of his trial would have been different.

For these reasons, we conclude that the PCRA court properly dismissed Appellant's PCRA petition.[4] Accordingly, we affirm the court's order.

Order affirmed.

---

[4] To the extent that we reject Appellant's issues in a manner different than the PCRA court did, we observe that this Court may affirm the PCRA court's order on any basis, as long as the denial of the petition was proper. ***Commonwealth v. Beck***, 848 A.2d 987, 991 n.8 (Pa. Super. 2004).

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/19/2015