J-A21025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRYANT A. FOREMAN | |
| Appellant | No. 2622 EDA 2014 |

Appeal from the PCRA Order July 8, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0001289-2003
CP-23-CR-0004594-2001

BEFORE:  ALLEN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 17, 2015**

Appellant, Bryant A. Foreman, appeals *pro se* from the July 8, 2014 order dismissing, as untimely, his third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  After careful review, we affirm.[2]

---

[*] Former Justice specially assigned to the Superior Court.

[1] The PCRA court appointed counsel for Appellant, who later withdrew pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), and their progeny.  Appellant does not challenge said withdrawal on appeal.

[2] On June 22, 2015, Appellant filed an application for relief to liberally construe the Rule of Appellate Procedure and excuse his failure to specifically comply with Rule 2132(b).  Appellant's motion is granted.

On August 5, 2003, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole after Appellant was found guilty of first-degree murder[3] and related offenses committed when he was 17 years-old. This Court affirmed Appellant's judgment of sentence on June 23, 2004. **Commonwealth v. Foreman**, 2647 EDA 2003 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 867 A.2d 522 (Pa. 2005). Our Supreme Court denied Appellant's petition for allowance of appeal on January 12, 2005. **Id.** As Appellant did not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final on April 12, 2005, when the filing period for a *certiorari* petition expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); U.S. Sup. Ct. R. 13(1) (stating, "[a] petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review[]"). Therefore, Appellant had until

---

[3] 18 Pa.C.S.A. § 2502(a).

April 12, 2006 to timely file a PCRA petition.[4]  ***See*** 42 Pa.C.S.A. § 9545(b)(1) (stating, "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[]").  Appellant filed the instant petition on July 19, 2012.  As a result, it was patently untimely.

In the instant appeal, Appellant argues that the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012) should be retroactively applied.  Appellant's Brief at 10.  However, our Supreme Court has rejected that argument.[5]  ***Commonwealth v. Cunningham***, 81 A.3d 1, 11 (Pa. 2013), *cert. denied*, ***Cunningham v. Pennsylvania***, 134 S. Ct. 2724 (2014).  To the extent Appellant argues that this Court should give broader retroactive effect to ***Miller*** under ***Danforth v. Minnesota***, 552 U.S. 264 (2008), this Court lacks the judicial power to decide that question for the purposes of the PCRA time-bar.  ***See*** 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a

---

[4] Appellant timely filed his first PCRA petition on April 25, 2005, which the PCRA court denied on October 26, 2006.  Appellant did not file a notice of appeal to this Court.  Appellant filed his second PCRA petition on June 24, 2010, which the PCRA court dismissed on January 25, 2011 as untimely.  Again, Appellant did not file a notice of appeal.

[5] On March 23, 2015, the Supreme Court granted *certiorari* in ***Montgomery v. Louisiana***, 135 S. Ct. 1546 (2015), which presents the ***Miller*** retroactivity question.  Nonetheless, until the United States Supreme Court issues its decision, ***Cunningham*** remains dispositive of the issue in Pennsylvania.

constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively[]") (emphasis added).

Appellant also argues that he is entitled to *habeas corpus* relief outside of the parameters of the PCRA. Appellant's Brief at 16. This Court has explained that claims pertaining to **Miller** go to the legality of the sentence. **Commonwealth v. Brown**, 71 A.3d 1009, 1015-1016 (Pa. Super. 2013), *appeal denied*, 77 A.3d 635 (Pa. 2013). Legality of sentence claims are expressly cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(2)(vii); **accord Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) (citation omitted). Therefore, because Appellant's "claim[] [was] cognizable under the PCRA … the writ of *habeas corpus* was not available." **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013) (citation omitted), *cert. denied*, **Turner v. Pennsylvania**, 134 S. Ct. 1771 (2014); **see also** 42 Pa.C.S.A. § 9542 (stating that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, **including habeas corpus** and *coram nobis*[]") (emphasis and italics added).

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely.[6]   Accordingly, the PCRA court's July 8, 2014 order is affirmed.

Order affirmed.  Application for relief granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/17/2015

---

[6] In light of our conclusion, we do not address Appellant's underlying argument as to whether his sentence is unconstitutional under ***Miller***.