J-S38022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DYLAN L. MATTERN | |
| Appellant | No. 2136 MDA 2014 |

Appeal from the Order entered November 20, 2014
In the Court of Common Pleas of Montour County
Criminal Division at No: CP-47-CR-0000003-2007

BEFORE:  WECHT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 14, 2015**

Appellant Dylan L. Mattern *pro se* appeals from an order of the Court of Common Pleas of Montour County, denying as untimely his "Petition for Sentence Reduction."  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. On January 30, 2007, Appellant pled guilty to aggravated indecent assault for sexually abusing a fifteen-year-old girl.  On July 23, 2007, Appellant was sentenced to 4 to 10 years' imprisonment and designated as a sexually violent predator.  Appellant did not appeal his judgment of sentence and, as a result, it became final on August 22, 2007.

On November 26, 2007, Appellant filed his first petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, challenging only his designation as a sexually violent predator.  The PCRA court denied relief

on August 11, 2008. More than four years later, on April 25, 2013, Appellant filed a motion titled "Motion to Credit Time Served" in the PCRA court, arguing that he was credited an incorrect amount of days for time served prior to sentencing. The PCRA court denied the motion on May 28, 2013. Appellant did not appeal the denial.

On January 24, 2014, Appellant filed a "Writ of Habeas Corpus," raising the same argument as in his previously denied "Motion to Credit for Time Served." The PCRA court denied Appellant's habeas writ on March 4, 2014. In so doing, the PCRA court "cautioned [Appellant] against filing multiple and frivolous [m]otions pertaining to the same topic, even if he calls [them] by another name." PCRA Court Order, 3/4/14. Appellant timely appealed the denial of his writ of habeas corpus to this Court. In its Pa.R.A.P. 1925(a) opinion, the PCRA court explained that it treated as a PCRA petition Appellant's writ of habeas corpus and dismissed it as untimely under PCRA.[1] Additionally, the PCRA court noted that Appellant "alleged no facts which would bring this case under any exception to the requirement that PCRA petitions be filed within one year after the sentencing order is final." PCRA Court's Opinion, 6/24/14. Thereafter, upon Appellant's application, this Court discontinued the appeal from the denial of his writ of

---

[1] A collateral challenge to legality of sentence for failure to credit for time served must be brought under the PCRA. *See Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004).

- 2 -

habeas corpus on November 25, 2014. While the appeal was pending, however, on November 5, 2014, Appellant filed a "Petition for Sentence Reduction" in the PCRA court, challenging the credit for time served as well as the legality of the sentence imposed under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The PCRA court denied Appellant's petition on November 20, 2014.[2] On December 16, 2014, Appellant timely appealed from the denial of his "Petition for Sentence Reduction."

On appeal,[3] Appellant raises two issues for our review, reproduced here verbatim:

> [1.] The [PCRA] court improperly denied Appellant's motion to correct time credited the court only credited 87 days instead of crediting a total of 250 days already served correction is needed and appropriate.

> [2.] Appellant was unconstitutionally sentenced to the statutory maximum based upon facts found by the judge, not a jury thus violating the due process clause of the 14th Amendment and further violating the 6th Amendment right to a jury trial.

Appellant's Brief at D-4.[4]

_____

[2] Although not apparent from the record, we assume the PCRA court dismissed the "Petition for Sentence Reduction" for the reasons outlined in its Rule 1925(a) opinion in support of its denial of Appellant's writ of habeas corpus.

[3] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

[4] Based on the outcome, we need not address the merits of this case. Nonetheless, assuming Appellant had not pled guilty and had raised the *Alleyne* challenge within the sixty-day period specified in Section
*(Footnote Continued Next Page)*

Preliminarily, we must note that Appellant does not challenge the PCRA court's decision to treat his "Petition for Sentence Reduction" as a PCRA petition. Indeed, it is settled that the PCRA subsumes common law remedies where the relief sought is available under the PCRA: "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exit when this subchapter takes effect[.]" 42 Pa.C.S.A. § 9542. If relief is available under the PCRA, the PCRA is the exclusive means of obtaining the relief sought. *See Commonwealth v. Eller*, 807 A.2d 838, 842 (Pa. 2002).

Because Appellant's "Petition for Sentence Reduction" falls under the PCRA, we must conclude that the PCRA court did not err in dismissing it. As noted earlier, Appellant filed the "Petition for Sentence Reduction" on November 5, 2014, while his appeal from the denial of his writ of habeas corpus was pending in this Court. Appellant did not apply for a discontinuance of the appeal until November 19, 2014, which we granted on November 25, 2014. Our Supreme Court has held that a subsequent PCRA petition cannot be filed until "resolution of review of the pending [prior]

(Footnote Continued) ⸻

9545(b)(2) of the PCRA following the United States Supreme Court's decision in *Alleyne*, we still would decline to address his *Alleyne* challenge. *See Commonwealth v. Riggle*, 2015 PA Super. 147, __ A.3d __, 2015 WL 4094427, at *4 (filed July 7, 2015) (explaining that *Alleyne* does not apply retroactively to cases on PCRA review) (citing *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014)).

PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). Thus, Appellant was prohibited from filing the "Petition for Sentence Reduction," while his appeal from the writ of habeas corpus was pending in this Court. Our reasoning differs from that of the PCRA court. We, however, may affirm the PCRA court's decision on any basis. **Commonwealth v. Charleston**, 94 A.3d 1012, 1028 (Pa. Super. 2014) (citation omitted), **appeal denied**, 104 A.3d 523 (Pa. 2014).

Even if Appellant was not prohibited from filing another petition, we still would conclude that we lack jurisdiction to address his legality of sentence claims. We note that "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Here, Appellant not only filed the "Petition for Sentence Reduction" more than 4½ years after his sentence became final, but he also failed to allege and prove that any exceptions to the one-year time-bar were met.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/14/2015

- 5 -