J-S40018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GERMAN SANTINI | |
| Appellant | No. 3337 EDA 2015 |

Appeal from the PCRA Order October 8, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1207631-2002

BEFORE: BOWES, J., MUNDY, J., and MUSMANNO, J.

JUDGMENT ORDER BY MUNDY, J.:                    **FILED JULY 06, 2016**

Appellant, German Santini, appeals *pro se* from the October 8, 2015 order dismissing, as untimely, his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

On February 8, 2005, the trial court sentenced Appellant to an aggregate term of 10 to 20 years' imprisonment, after a jury found him guilty of two counts of robbery, as well as one count each of carrying firearms without a license, carrying firearms in public in Philadelphia, theft by unlawful taking, possession of an instrument of a crime, simple assault,

and criminal conspiracy.[1]  Appellant filed a timely notice of appeal, this Court affirmed on January 16, 2007, and our Supreme Court denied *allocatur* on July 6, 2007.  **Commonwealth v. Santini**, 919 A.2d 976 (Pa. Super. 2007) (unpublished memorandum), *appeal denied*, 927 A.2d 624 (Pa. 2007).  As Appellant did not seek a writ of *certiorari* from the United States Supreme Court, his judgment of sentence became final on October 4, 2007, when the period for filing a *certiorari* petition expired.  **See generally** 42 Pa.C.S.A. § 9545(b)(3); U.S. S Ct. R. 13(1).[2]  Appellant filed the instant petition on October 7, 2014; as a result, it was facially untimely.  **See generally** 42 Pa.C.S.A. § 9545(b)(1).

Appellant argues that the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), announced a new constitutional right that applies retroactively to cases where the judgment of sentence has become final.  Appellant's Brief at 11-13.  However, this Court has held that **Alleyne** does not satisfy the new constitutional right exception to the time-bar.  **See generally Commonwealth v. Miller**, 102 A.3d 988, 994-995 (Pa. Super. 2014).  In addition, **Alleyne** was decided on June 17,

---

[1]  18 Pa.C.S.A. §§ 3701, 6106, 6108, 3921, 907, 2701, and 903, respectively.

[2] Appellant filed his first PCRA petition on November 19, 2007 and the PCRA court dismissed the same on December 6, 2010.  This Court affirmed on March 5, 2013, and our Supreme Court denied *allocatur* on August 26, 2013.  **Commonwealth v. Santini**, 69 A.3d 1281 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 74 A.3d 126 (Pa. 2013).

2013, and Appellant's petition was filed on October 7, 2014, 477 days later, in violation of the 60-day rule at Section 9545(b)(2). **See** 42 Pa.C.S.A. § 9545(b)(2) (stating that any petition invoking one of the three time-bar exceptions "shall be filed within 60 days of the date the claim could have been presented[]"). Therefore, Appellant's PCRA petition was untimely filed and no time-bar exception applied.[3]

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's PCRA petition as untimely. Accordingly, the PCRA court's October 8, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

---

[3] Appellant also argues his PCRA petition can be treated as a *habeas corpus* petition. Appellant's Brief at 13-14. However, **Alleyne** issues pertain to the legality of the sentence, which are cognizable under the PCRA. **See generally Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa. Super. 2014), *appeal denied*, 121 A.3d 494 (Pa. 2015); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004); 42 Pa.C.S.A. §§ 9542, 9543(a)(2)(vii).