J-S25027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE B. HERRING | : | |
| | : | |
| Appellant | : | No. 2041 EDA 2016 |

Appeal from the Judgment of Sentence July 23, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0012419-2009,
CP-51-CR-0012797-2009, CP-51-CR-0015763-2009

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOT, P.J.E.

MEMORANDUM BY RANSOM, J.:                    **FILED JULY 19, 2017**

Appellant, Andre B. Herring, appeals from the judgment of sentence of ten to twenty years of imprisonment followed by ten years of probation, imposed on July 23, 2012, following his open plea to two counts of burglary,[1] one count of attempted burglary,[2] and one count of conspiracy.[3] We affirm.

The relevant facts and procedural history are as follows:

Defendant, Andre Herring, has appealed *nunc pro tunc* from the July 23, 2012, order of this [c]ourt imposing judgment of sentence.  On July 23, 2012, defendant appeared before this [c]ourt and entered non-negotiated guilty pleas to various charges pursuant, *inter alia*, to the above bill and term numbers.

_____

[1] 18 Pa.C.S. § 3502
[2] 18 Pa.C.S. § 901
[3] 18 Pa.C.S. § 903

As of CP-51-CR-0012419-2009, defendant pleaded guilty to the charge of burglary and received a sentence of ten to twenty-years' incarceration. As of CP-51-CR-0012797-2009, defendant pleaded guilty to burglary and received a sentence of ten to twenty years' incarceration, which sentence was ordered to be served concurrently with the sentence imposed as of CP-51-CR-0012419-2009. Finally, as of CP-51-CR-00157763-2009, defendant pleaded guilty to the charge of attempted burglary and received a sentence of two to four years' incarceration, which sentence was ordered to be served concurrently with the sentences imposed on the other two charges. When imposing [the] sentence, this [c]ourt ordered that defendant should receive credit for time served. Defendant filed neither a post-sentence motion nor a notice of appeal following the imposition of sentence.

On March 11, 2013, defendant filed a *pro se* petition under the Post-Conviction Relief Act, 42 Pa.C.S. § 9741 *et seq.* Counsel was appointed to represent defendant and on March 27, 2015, counsel filed an amended petition requesting that defendant be granted the right to file a direct appeal from the judgment of sentence *nunc pro tunc*. On May 26, 2016, this [c]ourt issued an order granting defendant the right to file a notice of appeal *nunc pro tunc* from the judgments of sentence and denying him the right to file post-sentence motions. Defendant filed notice of appeal on June 22, 2016, followed by a court-ordered 1925(b) statement.

Trial Court Opinion, 7/21/16, at 1-2.[4]

The trial court issued a responsive opinion. On appeal, Appellant raises the following issues for review:

I. Should [A]ppellant's sentence be vacated and the case be remanded to the Court of Common Pleas with direction that Appellant be afforded an opportunity to file a *nunc pro tunc* petition to withdraw his guilty plea?

---

[4] The trial court opinion omits any reference to the conspiracy charge, docketed at CP-51-CR-0012419-2009.

II.     Should [A]ppellant's case be remanded to the Court of Common Pleas with direction that Appellant be afforded an opportunity to file a *nunc pro tunc* post-sentence motion challenging the legality of his sentence?

Appellant's Brief at 3.

Appellant's first claim challenges the validity of his guilty plea. Appellant does not dispute that he failed to file timely a post-sentence motion to withdraw his plea. However, Appellant asserts that the lower court failed to advise him that a motion was required in order to preserve his challenge. According to Appellant, this failure renders his plea unknowing and involuntary. Appellant seeks remand so that he may be permitted to file a petition to withdraw his plea *nunc pro tunc*.

Written post-sentence motions shall be filed no later than ten days after the imposition of sentence. ***Commonwealth v. Green***, 862 A.2d 613 (Pa. Super. 2004); Pa.R.Crim.P. 720(A)(1). Failure to file a post-sentence motion will result in waiver. ***See, e.g., Commonwealth v. Kinney***, --- A.3d ---, *5 (Pa. Super. 2017) (concluding that issues arising from a plea were waived because the defendant failed to preserve them in a post-sentence motion). A PCRA court may reinstate a petitioner's right to file post-sentence motions *nunc pro tunc*, provided the petitioner may plead and prove "that he was deprived of the right to file and litigate said motions as a result of the ineffective assistance of counsel." ***Commonwealth v. Liston***, 977 A.2d 1089, 1094 n.9 (Pa. 2009).

In his PCRA petition, Appellant sought only to reinstate his direct appeal rights *nunc pro tunc*; he made no request to reinstate his right to file post-trial motions and thus challenge the validity of his guilty plea. Appellant's claim is therefore waived. **See Liston,** 977 A.2d at 1094; **Commonwealth v. Edmiston**, 851 A.2d 883, 889 (Pa. 2004) ("Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal in this Court. Pa.R.A.P. 302(a).").

Appellant's next claim is that this case should be remanded to afford Appellant the opportunity to file a *nunc pro tunc* motion challenging the legality of his sentence. Appellant's Brief at 11. According to Appellant, the sentencing court failed to properly calculate his time credit. ***Id.***

Challenges to the legality of a sentence cannot be waived. **Commonwealth v. Dickson**, 918 A.2d 95, 98 (Pa. 2007) ("[I]f the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived."). A challenge to the failure to award credit for time served prior to sentencing does involve the legality of the sentence and as such cannot be waived. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004) ("An appellant's challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence.").

However, here it appears that Appellant's contention is with the computation of his time credit. This Court is not the appropriate venue for challenging the computation of time.

> If the alleged error is thought to be the result of an erroneous computation of sentence by the Bureau of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the Bureau's computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

> It [is] only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence [is] deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Heredia***, 97 A.3d 392, 395 (Pa. Super. 2014), *citing*, ***Commonwealth v. Perry***, 563 A.2d 511, 512-13 (Pa. Super. 1989).

The record reflects that Appellant was given credit for time served from 7/28/09 to 12/9/10 and from 7/1/11 to 7/23/12. Open Guilty Plea, 7/23/12 at 1; Notes of Testimony, Sentencing 7/23/12 at 21-22. It appears that the trial court gave Appellant all of the time credit he requested. ***Id.*** Thus, Appellant's characterization that he challenges the legality of his sentence is inaccurate, and this Court is not the proper venue to address Appellant's miscalculation claims.

Judgment of sentence affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2017