J-S38041-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA,  :   IN THE SUPERIOR COURT OF
                                   :   PENNSYLVANIA

           Appellee         :
                                   :
           v.              :
                                   :
HANSFORD DIVELY,            :
                                   :
          Appellant       :   No. 139 WDA 2018

Appeal from the Order December 14, 2017
in the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001423-2015
CP-07-CR-0001434-2015

BEFORE:   BOWES, NICHOLS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          FILED JULY 20, 2018

Hansford Dively (Appellant) pro se appeals from the December 14, 2017 order denying his motion for time credit.  We affirm, albeit on a different basis from the trial court.[1]

We glean the following factual history from the record.  On June 17, 2016, Appellant was sentenced pursuant to a plea agreement to an aggregate term of 20 to 40 years of incarceration for, inter alia, rape by forcible compulsion and incest.  Appellant did not file a post-sentence motion or a direct appeal.

---

[1] See Commonwealth v. Clouser, 998 A.2d 656, 661 n.3 (Pa. Super. 2010) ("It is well-settled that this Court may affirm on any basis.").

*Retired Senior Judge assigned to the Superior Court.

On August 18, 2016, Appellant pro se timely filed his first petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. The trial court appointed counsel, who thereafter moved to withdraw Appellant's PCRA petition at Appellant's request. On March 17, 2017,[2] the trial court granted the request to withdraw the PCRA petition.

Thereafter, on November 20, 2017, Appellant pro se filed a motion to modify sentence for time credit. On December 14, 2017, the trial court denied the motion as an untimely filed post-sentence motion and contended that it did not have jurisdiction to modify the order pursuant to 42 Pa.C.S. § 5505.[3] This timely-filed appeal followed.[4]

On appeal, Appellant raises four issues for review, in which he contends, inter alia, that the trial court erred by not granting his motion for time credit. Appellant's Brief at 2. Though Appellant couched his challenge to the trial court as a motion to modify sentence, the relief he seeks is cognizable under the PCRA because his "challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence." Commonwealth v. Beck, 848 A.2d 987, 989 (Pa.

---

[2] The order is dated March 9, 2017, but it was not filed until March 17, 2017.

[3] This is error, but as noted supra, we may affirm on any basis.

[4] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

- 2 -

Super. 2004). Accordingly, "we will review his appeal pursuant to the dictates and limitations imposed by [the PCRA] statute." Id.

"[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." Commonwealth v. Taylor, 65 A.3d 462, 465 (Pa. Super. 2013). Thus, before we reach the merits of Appellant's claims, we must first consider whether Appellant has timely filed his petition, as neither this Court nor a PCRA court has jurisdiction to address the merits of an untimely-filed petition. Commonwealth v. Leggett, 16 A.3d 1144, 1145 (Pa. Super. 2011).

Any PCRA petition, including second and subsequent petitions, must either (1) be filed within one year of the judgment of sentence becoming final, or (2) plead and prove a timeliness exception. 42 Pa.C.S. § 9545(b). Furthermore, when invoking a timeliness exception, the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). "For purposes of [the PCRA], a judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Here, Appellant was sentenced on June 17, 2016. He did not file a direct appeal, and thus his judgment of sentence became final 30 days later, on July 18, 2016, and he had one year, or until July 18, 2017, to file timely

a PCRA petition. Thus, Appellant's November 17, 2017 motion is facially untimely, and he was required to plead and prove an exception to the timeliness requirements. Appellant failed to do so.

As such, we conclude that Appellant's motion was an untimely-filed PCRA petition, and he has not asserted an exception to the timeliness requirements. Accordingly, he is not entitled to relief.[5] See Commonwealth v. Albrecht, 994 A.2d 1091, 1095 (Pa. 2010) (affirming dismissal of PCRA petition without a hearing because the appellant failed to meet burden of establishing timeliness exception).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2018

---

[5] Moreover, the trial court notes in its Rule 1925(a) opinion that it granted Appellant time credit at sentencing. Trial Court Opinion, 2/5/2018, at 2, 5.