J-S24023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ODLEY LOUIS, | |
| Appellant | No. 1125 MDA 2015 |

Appeal from the PCRA Order June 1, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000776-2010

BEFORE:  GANTMAN, P.J., BOWES, AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                              **FILED MAY 16, 2016**

Odley Louis appeals *pro se* from the June 1, 2015 order denying him PCRA relief.  We vacate the June 1, 2015 order and Appellant's February 14, 2012 judgment of sentence.  We remand for the appointment of counsel and re-sentencing.

On October 23, 2009, Reading Police Officer Christopher A. Cortazzo stopped Appellant's vehicle because it had tinted passenger windows that prevented him from seeing inside it and because Appellant changed lanes without signaling.  Based upon Appellant's nervousness, hand movements, and failure to produce a driver's license, Officer Cortazzo conducted a pat down search of Appellant and discovered a large chunk of solid crack cocaine weighing 48.1 grams.  On February 2, 2012, a jury convicted Appellant of possession of a controlled substance with intent to deliver ("PWID") and

possession of a controlled substance. The trial court found Appellant guilty of summary traffic offenses relating to the lane change without a traffic signal and the tinted windows.

The matter proceeded to sentencing on February 14, 2012. Appellant was sentenced on the PWID conviction to a mandatory minimum sentence of five years imprisonment and a mandatory fine of $30,000 due to the weight of the drugs and a prior conviction of PWID in 2002. N.T. Sentencing, 2/14/12, at 7, 12; 18 Pa.C.S. § 7508(a)(3)(ii) (relating to mandatory minimum sentence for possession of cocaine). The two summary traffic offenses were dismissed at sentencing.

On appeal, we affirmed. *Commonwealth v. Louis*, 63 A.3d 838 (Pa.Super. 2012) (unpublished memorandum). We rejected Appellant's contentions that the traffic stop and pat down search were unconstitutional and that the trial court improperly precluded Appellant from presenting certain evidence on those issues. On November 15, 2013, our Supreme Court denied allowance of appeal. *Commonwealth v. Louis*, 80 A.3d 775 (Pa. 2013).

Appellant filed a timely PCRA petition on May 23, 2014. He raised two positions. First, pre-trial and trial counsel were ineffective for failing to obtain a copy of the dashboard camera videotape of his traffic stop from Officer Cortazzo's cruiser in order to disprove the officer's claim that Appellant's vehicle had passenger windows that were tinted so heavily that

- 2 -

the officer could not view inside. Appellant also averred that his sentence was illegal and void under **Alleyne v. United States**, 133 S.Ct. 2151, 2155 (2013), wherein the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Pursuant to **Alleyne**, the defendant has a constitutional right to have a jury decide the existence of any fact, other than a prior conviction, beyond a reasonable doubt if that fact triggers application of a mandatory minimum sentence. In his PCRA petition, Appellant maintained that he was entitled to be sentenced without application of the mandatory minimum sentence outlined in 18 Pa.C.S. § 7508 in that the weight of the drugs that he possessed for purposes of application of § 7508 was determined at sentencing by the court by a preponderance of the evidence, in derogation of **Alleyne**.

Counsel was appointed, but was permitted to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).[1] Counsel concluded that **Alleyne** was not applicable retroactively in this post-conviction setting and that the contents of a videotape, if one existed, would merely have been cumulative to pictures of Appellant's vehicle admitted into

---

[1] On appeal, Appellant does not raise any issue pertaining to the withdrawal.

evidence. The PCRA court issued notice of its intent to dismiss the PCRA petition without a hearing as required by Pa.R.Crim.P. 907.

Appellant filed responses both to PCRA counsel's petition to withdraw and the Pa.R.Crim.P. 907 notice. As to the no-merit letter, Appellant averred that counsel erred in concluding that he was not entitled to re-sentencing since § 7508 was unconstitutional and void pursuant to *Alleyne* and Superior Court case law interpreting that decision. In response to the Pa.R.Crim.P. 907 notice, Appellant re-iterated the same position and observed that this Court held § 7508 unconstitutional in a case where the weight of the drugs was determined by the sentencing court rather than at trial. *Commonwealth v. Thompson*, 93 A.3d 478 (Pa.Super. 2014); *see also Commonwealth v. Mosley*, 114 A.3d 1072 (Pa.Super. 2015). Appellant additionally claimed that, since *Alleyne* was decided on June 17, 2013, while his direct appeal was still pending, he was entitled to have it applied herein. In neither document did Appellant argue that PCRA counsel was ineffective concerning her analysis of the suppression issue.

Appellant's PCRA petition was denied on June 1, 2015, and this appeal followed. Appellant's brief contains a lengthy and obtuse statement of issues involved in this appeal. Appellant's brief at 5-6. That statement can be distilled into two positions: 1) his first five issues pertain to whether Appellant is entitled to be re-sentenced without application of the mandatory minimum sentence; and 2) his sixth and final averment is that suppression

counsel and trial counsel should have obtained the dashboard camera videotape of the traffic stop to refute the testimony of Officer Cortazzo that Appellant had tinted windows on his vehicle that were opaque. We address the contentions in reverse order since Appellant would be entitled to a new trial rather than merely resentencing if his first position were found to be meritorious.

Initially, we observe that, "Our standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Melendez-Negron*, 123 A.3d 1087, 1090 (Pa.Super. 2015) (citation omitted). Appellant avers that suppression and trial counsel rendered ineffective assistance. "To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." *Commonwealth v. Stewart*, 84 A.3d 701, 706 (Pa.Super. 2013) (*en banc*). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. *Id*.

Herein, as PCRA counsel observed, the record contains pictures of Appellant's truck, which had windows on either side of the rear passenger seats that are tinted so darkly that one cannot view inside the vehicle. Hence, any videotape made of the traffic stop would have been cumulative

to the pictures submitted by Appellant. Thus, prior counsel were not ineffective in this respect.

However, we do conclude that Appellant is entitled to relief under *Alleyne*. Our decision in *Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super. 2015), is controlling. The defendant therein was denied PCRA relief pursuant to a timely-filed PCRA petition. On appeal, the defendant, who was sentenced under a mandatory minimum ruled unconstitutional by this Court pursuant to *Alleyne*, claimed to be entitled to be re-sentencing under *Alleyne* and our decision. We agreed with that contention, vacated the judgment of sentence, and remanded for resentencing.

The *Ruiz* Court concluded that Ruiz was entitled to be re-sentenced since he filed a timely PCRA petition and since *Alleyne* had been decided when his judgment of sentence was not final, as defined by the PCRA. Specifically, Ruiz did not file a direct appeal, but *Alleyne* was issued within the thirty-day window for filing one.

In *Ruiz*, we specifically distinguished *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015), which held that a PCRA petitioner is not entitled to retroactive application of the *Alleyne* decision. The *Ruiz* Court concluded that *Riggle* was inapplicable because *Alleyne* was issued after Riggle's sentence was final, as defined by the PCRA. In so doing, we observed that in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), we held that *Alleyne* applies to any case pending on direct

appeal when *Alleyne* was filed. *See Schriro v. Summerlin*, 542 U.S. 348, 351 (2004) ("When a decision of this Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review.").[2]

Our conclusion in *Ruiz* was that, if a defendant's direct appeal was pending when *Alleyne* was filed, the defendant is entitled to relief pursuant to a timely PCRA petition since an *Alleyne* claim is a non-waivable challenge to the legality of sentence, which is cognizable under the PCRA. *See Newman*, *supra* at 90 ("challenge to a sentence premised upon *Alleyne* . . . implicates the legality of the sentence," and such a challenge cannot be waived); *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa.Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA."). Under *Ruiz*, a defendant is entitled to relief pursuant to *Alleyne* if the defendant's judgment of sentence was still pending on direct review, as determined by reference to § 9545(b)(3) of the PCRA, when *Alleyne* was filed.

We find *Ruiz* controlling. Appellant's judgment of sentence was still pending on direct review when *Alleyne* was issued. Section 9545(b)(3) states, "For purposes of this subchapter, a judgment becomes final at the

---

[2] *Alleyne* is a new rule of law in that it overruled existing Supreme Court precedent that provided that any fact necessary to trigger application of a mandatory minimum sentence did not have to be submitted to a jury and proven beyond a reasonable doubt. *See Harris v. United States*, 536 U.S. 545 (2002); *McMillan v. Pennsylvania*, 477 U.S. 79 (1986).

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Our Supreme Court denied allowance of appeal from our affirmance of Appellant's judgment of sentence on November 15, 2013. *Alleyne* was issued on June 17, 2013, while Appellant's direct appeal was pending, and he therefore is entitled to application of *Alleyne*, *Thompson*, and *Moseley*.

The June 1, 2015 PCRA order and the February 14, 2012 judgment of sentence are vacated. Case remanded for resentencing. Counsel is to be appointed to Appellant for purposes of the new sentencing hearing. Jurisdiction relinquished.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/16/2016