J. S62022/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
  :
  v.   :
  :
JOSEPH ANTONIO GRIGGS   :
  :
  APPELLANT   :   No. 61 MDA 2016

Appeal from the PCRA Order December 18, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004991-2008

BEFORE: GANTMAN, P.J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY DUBOW, J.:         **FILED OCTOBER 11, 2016**

Appellant, Joseph A. Griggs, appeals *pro se* from the order entered in

the Dauphin County Court of Common Pleas, which dismissed his combined[1]

Writ of *Habeas Corpus* and second Petition filed pursuant to the Post

Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, as untimely. After

careful review, we affirm.

The PCRA court accurately summarized the relevant factual and

procedural history as follows:

> On September 9, 2008, [Appellant] was charged with one (1)
> count of Rape [by Forcible Compulsion], one (1) count of
> Aggravated Assault, and one (1) count of Terroristic Threats. A

---

[1] Appellant filed a single document entitled "Petition for Writ of *Habeas Corpus* under Article I, Section 14 of the Pennsylvania Constitution and for Post[ ]Conviction Relief under the Post Conviction Relief Act."

jury trial was held on January 26, 2015 before the Honorable Lawrence F. Clark, Jr., now retired. [Appellant] was found guilty of Count 1 (Rape) and Count 2 (Aggravated Assault), and found not guilty of Count 3 (Terroristic Threats). Sentencing was deferred pending the outcome of a presentence investigation and an assessment by the Sexual Offender Assessment Board ("SOAB").

On June 3, 2010, [Appellant] was found to be a sexually violent predator and sentenced to an aggregate term of thirty (30) to thirty-five (35) years' imprisonment, follow[ed] by ten (10) years of probation. [Appellant] was given credit for his time served between September 10, 2008 and June 3, 2010.

[Appellant] filed a direct appeal on August 3, 2010 . . . . [Appellant's] sentence was affirmed by the Superior Court of Pennsylvania on May 10, 2011. [Appellant] did not exercise his right to appeal to the Supreme Court of Pennsylvania, nor the Supreme Court of the United States.

[Appellant] filed a pro se PCRA motion on October 16, 2012. Jennifer E. Tobias, Esquire, was appointed by the court as PCRA counsel. Subsequently, on January 15, 2013, [Appellant] wrote to Attorney Tobias informing her that he did not trust her and further insulting her. Attorney Tobias subsequently requested the court's permission to withdraw from representation. The petition was granted on March 6, 2013, and Jonathan Crisp, Esquire, was appointed as replacement PCRA counsel.

On October 14, 2013, Attorney Crisp filed a Petition to Withdraw and a "no-merit letter" pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On December 16, 2013, the Court issued an Order dismissing [Appellant's] PCRA petition [as untimely], and granting Attorney Crisp's request to withdraw as counsel. [Appellant] appealed the dismissal of his PCRA to Superior Court, which was subsequently affirmed on January 22, 2015.

On August [5], 2015, [Appellant] filed the instant Petition for Writ of *Habeas Corpus* and PCRA relief challenging the legali[ty] of his sentence. Defendant alleges that the trial court imposed a

> mandatory minimum sentence under 18 Pa.C.S.[] § 9718[2] which was found unconstitutional by **Commonwealth v. Hopkins**, 117 A.3d 257 (Pa. 2015), **Alleyne v. United States**, 133 S.Ct 2151 (2013), and **Commonwealth v. Newman**, 2014 Pa. Super. 178 (Pa. Super. 2014).

PCRA Court Opinion, filed 11/24/15, at 1-3 (unpaginated) (footnotes omitted).

On November 24, 2015, the PCRA court issued a Pa.R.Crim.P. 907 Notice advising Appellant of its intent to dismiss his Petition, noting that it lacked jurisdiction to consider Appellant's underlying claim because the Petition was not timely filed, and Appellant had failed to plead and prove a timeliness exception. The PCRA court dismissed his Petition on December 18, 2015.[3] This timely appeal followed.

Appellant raises the following eight issues on appeal, reordered for ease of disposition:

> 1. Does not the Court have jurisdiction to review these claims under Pennsylvania constitutional guarantee of habeas corpus?
>
> 2. Does not the creation of two classes of defendant offenders violates the Pennsylvania Constitution?
>
> 3. Does not the sentencing disproportionality violates [*sic*] both the United State[s] and Pennsylvania Constitution?

---

[2] 18 Pa.C.S. § 9718 codifies mandatory minimum sentences for certain offenses against infant persons. Appellant was not sentenced pursuant to Section 9718. He instead received a mandatory minimum sentence because, at the time of the instant offense, Appellant had a prior conviction for Rape. N.T., 6/3/10, at 5, 16. **See also** 18 Pa.C.S. 9718.2(a)(1).

[3] Appellant filed a response to the PCRA court's 907 Notice after the PCRA court had already dismissed his Petition.

4. Does not the recent decision of the United States Supreme Court in **Alleyne v. United States**, 133 S.Ct. 2151, 2156, 2164 (2013), which held that any fact that increases the mandatory minimum sentence for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt?

5. By relying upon the recent interpretation of the relevant law for the first time which made it clear that Appellant's conduct was not within the scope of the Constitutional construction of statutes under Section 1 Pa.C.S.A. § 1925, does not the Pennsylvania Superior Court in **Commonwealth v. Newman**, 99 A.3d 86, 2014 WL 4088805 (Pa. Super. 2014) (en banc), constitute the application of both newly-discovered facts exception and the right asserted is a constitutional right that was recognized by the Supreme Court of the United States within the meaning of the Pennsylvania Post-Conviction Relief Act, exceptions to the time constraints under that Act, 42 Pa.C.S.A. § 9545(b)(1)(ii)(iii)(2)?  Of course, our Supreme Court is currently considering whether **Alleyne** claims are non-waivable legality of sentence issues.  **Commonwealth v. Johnson**, 93 A.2d 806 (Pa. 2014).  Reading decisions from this Court that have ruled that mandatory minimum sentencing statutes that violate **Alleyne** are both unconstitutional and non-severable in combination with precedent establishing that **Alleyne**-styled claims are legality of sentence questions.

6. By applying retroactively its holdings in **Alleyne v. United States**, 133 S.Ct. 2151, 2156, 2164 (2013), and **Commonwealth v. Newman**, 99 A.3d 86, 2014 WL 4088805 (Pa. Super. 2014) (en banc), does not the Pennsylvania Supreme Court in **Commonwealth v. Cunningham**, No. 38 EAP 2012, decided October 30, 2013, Slip Op. at 13 -14, invite litigates [*sic*] to argue for a broader retroactively analysis under Pennsylvania law, presenting arguments that the new rule is resonate with Pennsylvania norms and that "good grounds" exist to apply the rule retroactively on collateral review?

7. Does not **Allenye** and **Newman**'s decisions resonate with Pennsylvania norms?

8. Does not [g]ood grounds exist to apply the **Alleyne** and **Newman**'s decisions retroactively?

Appellant's Brief at 2-3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. No court has jurisdiction to hear an untimely PCRA petition. **Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008).

Appellant first attempts to invoke our jurisdiction by averring that he "meets the requirements under Pennsylvania's *[H]abeas [C]orpus* statute[.]" Appellant's Brief at 9. It is well-settled that the PCRA is intended to be the "sole means of achieving post-conviction relief." 42 Pa.C.S. § 9542; **Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998). So long as the PCRA provides a potential remedy to a given claim, "the PCRA statute subsumes the writ of *[H]abeas [C]orpus*." **Commonwealth v. Taylor,** 65 A.3d 462, 465-66 (Pa. Super. 2013) (citation omitted).

A challenge to the legality of sentence is cognizable under the PCRA. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super.2004). When raising a challenge to the legality of his sentence, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

Here, Appellant is challenging the legality of his sentence, a claim which is cognizable under the PCRA.[4]  His attempt to obtain relief through a writ of *Habeas Corpus,* thus, fails.

Appellant also attempts to invoke our jurisdiction by averring that he is entitled to relief under the PCRA as a result of the constitutional right recognized in **Alleyne**, **supra,** and its progeny.  This claim also fails.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. § 9545(b)(1), (3).  The statutory exceptions to the timeliness requirement allow for very limited circumstances to excuse the late filing of a petition.  **See** 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).

Here, Appellant is invoking the timeliness exception found in Section 9545(b)(1)(iii).  In order to obtain relief under this subsection, a petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S. § 9545(b)(1)(iii).  A petitioner asserting a timeliness exception must file a petition within 60

---

[4] Although Appellant dresses his arguments up as equal protection and proportionality challenges in portions of his Brief, at the heart of each argument is simply his oft-repeated challenge to the legality of his sentence under **Alleyne**.

days of the date the claim could have been presented. *See* 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's sentence was affirmed by this Court on May 10, 2011. He did not file a petition for allowance of appeal with our Supreme Court and his Judgment of Sentence became final on June 9, 2011. *See* Pa.R.A.P. 1113. Appellant, thus, had until June 9, 2012 to file a timely PCRA petition. He filed the instant Petition over four years later, on August 5, 2015. It is, therefore, patently untimely.

Appellant asserted in his PCRA petition that he is entitled to the PCRA's timeliness exception provided in Section 9545(b)(1)(iii) in light of *Alleyne*, *supra*. *Alleyne* was decided on June 17, 2013. Appellant did not file the instant PCRA petition until August 2015, over two years after *Alleyne* was decided. Appellant thus failed to comply with the 60-day requirement of section 9545(b)(2).

Moreover, our Supreme Court has explicitly held that *Alleyne* does not apply retroactively on collateral review. *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Because Appellant's instant PCRA petition was patently untimely and he failed to prove the applicability of any of the PCRA's timeliness exceptions, the PCRA court lacked jurisdiction to address his claims and properly dismissed his Petition seeking relief under *Alleyne*.

Order affirmed.

J. S62022/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/11/2016</u>