J. S72028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                               :          PENNSYLVANIA
                               :
           v.                    :
                               :
LUIS ENRIQUE PEREZ,          :
                 Appellant     :
                               :
                               :         No. 596 MDA 2016

Appeal from the PCRA Order March 21, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003523-2008
CP-06-CR-0003528-2008
CP-06-CR-0005078-2008

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:         **FILED NOVEMBER 28, 2016**

Appellant, Luis Enrique Perez, appeals *pro se* from the March 21, 2016

Order entered in the Berks County Court of Common Pleas, dismissing his

Writ of *Habeas Corpus*. Since Appellant's Petition was untimely and he failed

to plead and prove an exception to the PCRA's one-year time-bar, the PCRA

court lacked jurisdiction to entertain his claims. Accordingly, we affirm.

On September 21, 2009, Appellant pled guilty to one count each of the

following five crimes that were charged under three different docket

numbers: Possession with Intent to Deliver a Controlled Substance—

Cocaine, Driving While Operating Privilege is Suspended or Revoked,

_____

[*] Retired Senior Judge assigned to the Superior Court.

Possession with Intent to Deliver a Controlled Substance—Cocaine, School Zone Mandatory, Firearms Not to be Carried without a License, and Recklessly Endangering Another Person.[1] Pursuant to a plea agreement, on the same day, the court sentenced Appellant to an aggregate term of three to seven years' incarceration. Appellant did not file any Post-Sentence Motions or a direct appeal from his Judgment of Sentence. His Judgment of Sentence thus became final on October 21, 2009.

On September 15, 2015, Appellant filed *pro se* the instant Petition, titled Writ of *Habeas Corpus ad Subjiciendum*, challenging "the illegal mandatory minimum imposed under [18 Pa.C.S. §] 6317 (**See Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015)." Appellant's Brief at 6. The trial court considered the filing a Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.

On September 28, 2015, the PCRA court appointed counsel to represent Appellant and granted counsel 30 days to file either an amended Petition under the PCRA, or a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On December 23, 2015, counsel filed a "no merit" letter and a Petition to Withdraw as Counsel. Appellant did not respond to counsel's Petition.

---

[1] 35 P.S. § 780-113(a)(30), 75 Pa.C.S. § 1543(a), 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 6106(a)(1), and 18 Pa.C.S. § 2705, respectively.

On January 26, 2016, the PCRA court issued an Order and Notice of Intent to dismiss Appellant's PCRA Petition without a hearing pursuant to Pa.R.Crim.P. 907, concluding that Appellant's Petition was untimely filed and Appellant had failed to plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii). The PCRA court also granted counsel's Petition to Withdraw as Counsel.

On March 21, 2016, the PCRA court dismissed Appellant's Petition. Appellant timely appealed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises one issue on appeal: "This Court should resolve the issue as to whether the ruling by the Pennsylvania Appellate Courts, in finding mandatory sentencing statutes void *ab initio* pursuant to **Alleyne v. United States**[, 133 S.Ct. 2151 (2013)], have created a position where retroactive application of **Alleyne** should apply to defendant's [*sic*] in Pennsylvania based on the decision of the United States Supreme Court in **Welch v. United States**, [136 S.Ct. 1257 (2016)]." Appellant's Brief at 5.

Appellant has challenged the legality of his sentence; a challenge to the legality of a sentence is cognizable under the PCRA. 42 Pa.C.S. § 9542; **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004). When raising a challenge to the legality of his sentence, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super.

2013). Accordingly, the trial court properly treated the instant Writ of *Habeas Corpus* as a PCRA Petition.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether the Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). Before addressing the merits of Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition.

A PCRA petition must be filed within one year of the date the underlying judgment becomes final; a judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S. §§ 9545(b)(1), (3). Since the time-bar implicates the subject matter jurisdiction of our courts, "courts are without jurisdiction to offer any form of relief" beyond the jurisdictional time-period. ***Commonwealth v. Jackson***, 30 A.3d 516, 523 (Pa. Super. 2011). This proscription extends even to claims challenging the legality of a sentence. ***Id.*** Accordingly, no court has jurisdiction to consider an untimely PCRA Petition. ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008).

Here, Appellant's sentence became final on October 21, 2009, as he did not file a direct appeal from his September 21, 2009 Judgment of Sentence. Appellant, thus, had until October 21, 2010, to file a timely PCRA

Petition. He filed the instant Petition almost five years later, on September 15, 2015. It is, therefore, patently untimely.

When a PCRA petition is patently untimely, a petitioner is required to plead and prove one of the following statutory exceptions to the one-year time-bar provided in 42 Pa.C.S. § 9545(b):

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

In addition, the PCRA requires that a petition invoking one of the timeliness exceptions must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2). **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) ("the 60-day rule **requires a petitioner to plead and prove** that the information on which he relies could not have been obtained earlier, despite the exercise of due diligence.") (emphasis added).

Our review of the record in the instant case supports the PCRA court's conclusion that Appellant's Petition was untimely filed. Appellant appears to attempt to invoke our jurisdiction through the timeliness exception found in Section 9545(b)(1)(iii).

Appellant argues that the PCRA court erred in relying on the PCRA to find his petition untimely because "any timeliness provision that prevents a challenge to a statute that is void *ab initio* is also unconstitutional on its face." Appellant's Brief at 8-9. Appellant argues strenuously that **Alleyne** announced a substantive rule that has retroactive effect in cases on collateral review, and relies on **Welch**, *supra*. **See** Appellant's Brief at 9-12.

In **Welch**, the United States Supreme Court, considering its prior holding in **Johnson v. United States**, 135 S.Ct. 2551 (2015), that the imposition of an increased sentence under the federal Armed Career Criminal Act's residual clause violated the defendant's due process rights, concluded that **Johnson** announced a new substantive rule that has retroactive effect on cases under collateral review.

Appellant is essentially arguing that this Court should interpret **Alleyne** as announcing a substantive rule. However, our Supreme Court in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016), recently held that **Alleyne** did not announce a substantive rule or a watershed procedural rule, and does not apply retroactively on collateral review. **Id.** at 819-20.

Moreover, **Welch** did not address **Alleyne** and its retroactivity. Rather, it concluded that, "**Johnson** changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of persons that the Act punishes." **Welch**, 136 S.Ct. at 1265 (citation and quotation marks omitted). In contrast, our Supreme Court in **Washington** noted that the rule set forth in **Alleyne** is procedural because it, "allocates the relevant decision-making authority to a jury rather than a judge[,] as opposed to "alter[ing] the range of conduct or the class of persons punished by the law[.]" **Washington**, 143 A.3d at 818 (citation omitted).

Because Appellant failed to plead and prove that one of the enumerated exceptions to the time-bar applied to his case, the PCRA court did not have subject matter jurisdiction over the instant PCRA petition. Hence, the court's March 21, 2016 Order dismissing Appellant's petition for collateral relief was legally sound and supported by the record.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/28/2016</u>