J. S82025/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
DUANE JAY ANDERSON, :
:
Appellant : No. 1058 MDA 2016

Appeal from the PCRA Order February 18, 2016
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s): CP-58-CR-0000004-2010
CP-58-CR-0000026-2010
CP-58-CR-0000433-2010

BEFORE: OTT, DUBOW AND PLATT, JJ.[*]

JUDGMENT ORDER BY DUBOW, J.:           **FILED DECEMBER 13, 2016**

Appellant, Duane Jay Anderson, appeals from the Order entered in the

Susquehanna County Court of Common Pleas denying on the merits his first

Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§

9541-9546.  After careful review, we conclude that Appellant's Petition was

untimely, and affirm the PCRA court's Order.

We summarize the relevant factual and procedural history of this case

as follows.  On December 17, 2010, Appellant pled guilty to multiple crimes

arising out of his sexual abuse of minors.  On June 23, 2011, the trial court

sentenced Appellant to an aggregate term of 150 to 400 months of

---

[*] Retired Senior Judge Assigned to the Superior Court.

incarceration. Appellant did not file a direct appeal. His Judgment of Sentence became final on July 25, 2011,[1] upon expiration of the time to file a Notice of Appeal with the Pennsylvania Superior Court.[2]

On July 29, 2013, Appellant filed a *pro se* Motion to Vacate for Lack of Statutory Authorization, which the court properly treated as his first PCRA Petition challenging the legality of his sentence.[3] The PCRA court appointed counsel, but, following a ***Grazier***[4] hearing, Appellant elected to proceed *pro se* with the assistance of standby counsel. After a hearing on the Petition, the PCRA court denied Appellant's Petition on the merits on February 19, 2016.

Appellant timely appealed. Appellant and the trial court both complied with Pa.R.A.P. 1925.

On appeal, Appellant avers that he is serving an illegal sentence because the trial court's sentencing orders do not refer to the specific statute or statutes that authorized his sentence.[5]

---

[1] July 23, 2011, was a Saturday. ***See*** 1 Pa.C.S. § 1908.

[2] ***See*** 42 Pa.C.S. § 9545(b)(3).

[3] ***See*** 42 Pa.C.S. § 9542, ***see also Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004).

[4] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

[5] Appellant's Brief to this Court does not include a Statement of Questions Involved, in violation of Pa.R.A.P. 2111(a). ***See also*** Pa.R.A.P. 2116(a).

Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may only consider an untimely PCRA petition if the appellant can explicitly plead and prove one of the three narrow exceptions set forth in 42 Pa.C.S. § 9545(b)(1). **See, e.g., Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (applying sixty-day timeframe after reviewing specific facts that demonstrated the claim was timely raised). Even where a petitioner challenges the legality of his sentence, he "must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).

In the instant case, Appellant filed the instant petition two years after his judgments of sentence became final. It was facially untimely under the PCRA. Moreover, Appellant has not even attempted to plead or prove the

applicability of any of the three statutory timeliness exceptions. Although the PCRA court addressed Appellant's claim on the merits, our review of the record makes clear that both the PCRA court and this Court lack jurisdiction to grant Appellant relief. Accordingly, we affirm the PCRA court's denial of PCRA relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/13/2016