J-S28031-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES TROUTMAN, | : | |
| | : | |
| Appellant | : | No. 1500 WDA 2016 |

Appeal from the Order August 31, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-MD-0000794-1988

BEFORE:    OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED JUNE 22, 2017**

Charles Troutman (Appellant) *pro se* appeals from the August 31, 2016 order dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On July 21, 1988, Appellant was found guilty of first degree murder and related offenses.  On September 9, 1988, he was sentenced to a term of life imprisonment.  This Court affirmed Appellant's judgment of sentence on December 12, 1989.  ***Commonwealth v. Troutman***, 00139 Pittsburgh, 1989 (filed Dec. 12, 1989) (unpublished memorandum).  Appellant did not seek review by our Supreme Court.  Appellant's first PCRA petition, filed July 2, 1993, was denied by the lower court as untimely filed on February 14, 1994.  A panel of this Court affirmed the lower court's determination on

*Retired Senior Judge assigned to the Superior Court.

September 19, 1994. *Commonwealth v. Troutman*, 652 A.2d 411 (Pa. Super. 1994) (unpublished memorandum).

On May 3, 2016, Appellant filed the instant "Petition for *Habeas Corpus* -- Unconstitutional Sentence." Therein, he claimed that he is entitled to relief in the form of resentencing because his sentence is illegal under *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. Super. 2016) and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014).[1] Petition, 5/3/2016.

The PCRA court, treating Appellant's petition as a PCRA petition,[2] issued notice of its intent to dismiss the petition as untimely filed without a

---

[1] Both decisions interpreted and applied the United States Supreme Court decision in *Alleyne v. United States*, --- U.S. ---, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury).

[2] While not raised as a distinct issue in his statement of questions, Appellant contends that the PCRA court erred in failing to treat his May 3, 2016 filing as a petition for writ of *habeas corpus*. Appellant's Brief at iv. This claim is without merit. It is well-settled that where a petitioner's claim is cognizable under the PCRA, regardless of the title given to the petition, the court must analyze the petition under the PCRA. *Commonwealth v. Taylor*, 65 A.3d 462 (Pa. Super. 2013). *See also Newman*, 99 A.3d at 90 (stating that "a challenge to a sentence premised upon *Alleyne* ... implicates the legality of the sentence"); *Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA.") (citation omitted); *Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011) (holding that a defendant's motion to correct his illegal sentence was properly addressed as a PCRA petition, stating broadly, "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.")

hearing, to which Appellant filed a response in opposition. On August 31, 2016, the PCRA court entered an order dismissing Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant raises five issues for our review. Appellant's Brief at v. However, before we may address the substance of his arguments, we must determine whether we have jurisdiction to consider those claims.

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

The instant petition, filed over twenty years after Appellant's judgment of sentence became final, is facially untimely, and Appellant has failed to

plead and offer to prove an exception to the timeliness requirements in his petition.[3]   Accordingly, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.


Judgment Entered.


Joseph D. Seletyn, Esq.

Prothonotary


Date: 6/22/2017

---

[3] To the extent that Appellant contends that we have jurisdiction to consider his legality-of-sentence claims because such claims cannot be waived, we note that our Supreme Court has specifically held that "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999).