J-S33041-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN JUNIOR MABLE, JR., | : | |
| | : | |
| Appellant | : | No. 1819 MDA 2016 |

Appeal from the PCRA Order October 6, 2016
in the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004335-1994

BEFORE:  BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:  **FILED JULY 07, 2017**

Steven Junior Mable, Jr. (Appellant) appeals from the order entered on October 6, 2016, which denied four separate filings that the court treated as one petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On October 27, 1994, Appellant shot the victim in the face and he died shortly thereafter.  A jury found Appellant guilty of first-degree murder, and Appellant was sentenced to life imprisonment.  Appellant's judgment of sentence was affirmed by this Court on August 6, 1996, and his petition for allowance of appeal was denied by our Supreme Court on April 8, 1997.  ***Commonwealth v. Mable***, 685 A.2d 1085 (Pa. Super. 1996) (unpublished

_____
* Retired Senior Judge assigned to the Superior Court.

memorandum), *appeal denied*, 692 A.2d 564 (Pa. 1997). Thereafter, Appellant filed numerous PCRA petitions and was denied relief each time.[1]

During 2015, Appellant filed a series of documents with the court, which included the following: a "Motion to Vacate for Lack of Subject Matter Jurisdiction" ('Subject Matter Motion'), a Petition for Writ of *Habeas Corpus ad Subjiciendum* ('*Habeas* Petition'), a supplement to the *Habeas* petition ('*Habeas* Supplement'), and a 'Motion to Vacate a Void Judgment' ('Void Judgment Motion')." PCRA Court Opinion, 12/12/2016, at 2. The PCRA court treated these filings as a single PCRA petition, and on September 15, 2016, issued a notice of intent to deny the petition without a hearing pursuant to Pa.R.A.P. 907 as being untimely filed. Appellant responded to the notice by reiterating his position that the filings are not PCRA petitions and therefore are not subject to timeliness requirements of the PCRA. On October 6, 2016, the PCRA court entered an order denying relief.

On November 4, 2016, Appellant filed a notice of appeal from that order. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

---

[1] **Commonwealth v. Mable**, 742 A.2d 1147 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 760 A.2d 852 (Pa. 2000); **Commonwealth v. Mable**, 852 A.2d 1250 (Pa. Super. 2004) (unpublished memorandum); **Commonwealth v. Mable**, 895 A.2d 648 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 903 A.2d 1233 (Pa. 2006); **Commonwealth v. Mable**, 22 A.3d 1080 (Pa. Super. 2010) (unpublished memorandum); **Commonwealth v. Mable**, 60 A.3d 557 (Pa. Super. 2012); **Commonwealth v. Mable**, 91 A.3d 1288 (Pa. Super. 2013) (unpublished memorandum).

On appeal, Appellant presents two questions regarding the merits of his filings. Appellant's Brief at iv. However, we first consider whether we have jurisdiction to address his substantive claims.

"[T]he PCRA is intended to be the sole means of achieving post-conviction relief." *Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013). "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*." *Id.* at 465-66. Although presented inartfully, it appears Appellant is challenging either the legality of his sentence or the process by which he was convicted.[2] Because such claims are cognizable under the PCRA, *habeas corpus* is not a viable vehicle for pursuing them. *See Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004). Accordingly, we agree with the PCRA court that the PCRA was the proper vehicle to examine these filings.

Under the PCRA, the timeliness of a post-conviction petition is jurisdictional. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280-81 (Pa. Super. 2013). "[I]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction,

---

[2] For example, Appellant asks this Court to consider the following: "[w]hether murder is a separate non-cognate offense to the over-all unenforceable offense 'criminal homicide' held over at preliminary hearing; and does a mandatory and/or any penalty ascribed in accordance with the specific charge 'criminal homicide' legislatively allow death by any namesake upon its unenforceable violation or conviction and violates due process." Appellant's Brief at iv.

we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c). There are no timeliness exceptions other than those provided in the PCRA itself. ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003) ("[T]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.").

It is clear that Appellant's filings are facially untimely because his judgment of sentence became final in 1997. Because Appellant has neither pled nor proven a timeliness exception, we hold that the PCRA court dismissed properly Appellant's petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2017

- 4 -