J-S13035-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AKANINYENE EFIONG AKAN, | : | |
| | : | |
| Appellant | : | No. 1405 WDA 2017 |

Appeal from the Order Dated September 6, 2017
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0001844-2011

BEFORE:  GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                 FILED MAY 25, 2018

Akaninyene Efiong Akan ("Akan") appeals, pro se, from the Order

denying his "Motion for Admission to the Illegality of the Sentence

Administered on 6/26/2012."[1]  We vacate and remand.

_____

[1] Any petition or motion filed after the judgment of sentence becomes final will be treated as a petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  See Commonwealth v. Jackson, 30 A.3d 516, 521 (Pa. Super. 2011).  Indeed, the PCRA is the sole means of obtaining collateral relief, and subsumes all other remedies where the PCRA provides a remedy for the claim.  See 42 Pa.C.S.A. § 9542 (providing that a PCRA petition is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when it takes effect, including habeas corpus and coram nobis.").  In his Motion, Akan challenges the legality of his sentence and argues that he did not receive credit for time served for his pre-trial time in prison.  See Commonwealth v. Beck, 848 A.2d 987, 989 (Pa. Super. 2004) (stating that collateral challenge to legality of sentence for failure to award credit for time served prior to sentencing must be brought under the PCRA).  Because Akan filed his Motion after his judgment of sentence became final, and the PCRA provides a remedy for his claims, the Motion should have been treated as a PCRA Petition.

Following a jury trial, Akan was found guilty of burglary, rape, involuntary deviate sexual intercourse, sexual assault, indecent assault, terroristic threats, unlawful restraint, and simple assault. The trial court sentenced Akan to an aggregate prison term of 32 to 80 years. This Court affirmed the judgment of sentence on November 25, 2013, and the Supreme Court of Pennsylvania denied Akan's Petition for Allowance of Appeal on May 30, 2014. See Commonwealth v. Akan, 91 A.3d 1295 (Pa. Super. 2013) (unpublished memorandum), appeal denied, 93 A.3d 461 (Pa. 2014).

Akan filed a timely first PCRA Petition on October 17, 2014. The PCRA court appointed Akan counsel, who subsequently filed a Petition to Withdraw pursuant to Turner/Finley.[2] Subsequently, the PCRA court dismissed the Petition. This Court affirmed the Order, and the Supreme Court of Pennsylvania denied Akan's Petition for Allowance of Appeal. See Commonwealth v. Akan, 141 A.3d 583 (Pa. Super. 2016) (unpublished memorandum), appeal denied, 157 A.3d 478 (Pa. 2016).

On October 19, 2016, Akan, pro se, filed his second PCRA Petition. While his second Petition was pending, Akan filed, inter alia, the instant "Motion for Admission to the Illegality of the Sentence Administered on 6/26/2012" on January 4, 2017. On June 8, 2017, the PCRA court dismissed Akan's second

---

[2] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

PCRA Petition without a hearing. Akan filed a timely Notice of Appeal from the dismissal of his second Petition, which was docketed at 928 WDA 2017.[3] While that appeal was pending, the PCRA court denied Akan's "Motion for Admission to the Illegality of the Sentence Administered on 6/26/2012" on September 6, 2017. Thereafter, Akan filed a timely Notice of Appeal from this denial.

Initially, as noted above, Akan's "Motion for Admission to the Illegality of the Sentence Administered on 6/26/2012" should have been treated as a Petition filed pursuant to the PCRA. It is well-settled that a PCRA court "cannot entertain a new PCRA petition[,] when a prior petition is still under review on appeal[.]" Commonwealth v. Porter, 35 A.3d 4, 14 (Pa. 2012); see also Commonwealth v. Lark, 746 A.2d 585, 588 (Pa. 2000) (noting that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). Thus, "as matter of jurisdiction, [the] PCRA court cannot entertain new PCRA claims or new PCRA petition when prior petition is still under review on appeal." Commonwealth v. Ali, 10 A.3d 282, 320 n.33 (Pa. 2010) (citing Lark, supra).

_____

[3] The appeal is currently pending before this Court.

Here, at the time the PCRA court denied Akan's "Motion for Admission to the Illegality of the Sentence Administered on 6/26/2012," an appeal was pending from the dismissal of Akan's second PCRA Petition at 928 WDA 2017. Thus, under Pennsylvania law, the PCRA court lacked jurisdiction to entertain the new PCRA Petition. See Porter, supra; Lark, supra.[4] Accordingly, we vacate the PCRA court's Order and remand the case to the PCRA court to dismiss the "Motion for Admission to the Illegality of the Sentence Administered on 6/26/2012" as premature.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/25/2018

_____

[4] We note that this Court recently considered whether a PCRA court has jurisdiction to address a PCRA petition despite the pendency of another petition in the PCRA court. See Commonwealth v. Montgomery, 2018 PA Super 54 (Pa. Super. 2018) (en banc). In Montgomery, this Court held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." Montgomery, 2018 PA Super 54 at *4 (emphasis added); see also id. (stating that "nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the petition is not under appellate review."). However, unlike Montgomery, an appeal was pending at the time the "Motion for Admission to the Illegality of the Sentence Administered on 6/26/2012" was decided.