J-S18040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDUARDO CINTRON | : | |
| | : | |
| Appellant | : | No. 1471 MDA 2019 |

Appeal from the PCRA Order Entered August 14, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003433-1997,
CP-06-CR-0003434-1997, CP-06-CR-0003435-1997,
CP-06-CR-0003437-1997, CP-06-CR-0003438-1997,
CP-06-CR-0003439-1997, CP-06-CR-0003638-1997,
CP-06-CR-0004433-1997, CP-06-CR-0004434-1997,
CP-06-CR-0004436-1997

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED APRIL 23, 2020**

Appellant Eduardo Cintron appeals *pro se* from the Order entered in the Court of Common Pleas of Berks County on August 14, 2019, denying his serial petition for relief filed pursuant to the Post Conviction Relief Act (PCRA).[1] We affirm.

Following a consolidated jury trial of nine separate dockets on August 27, 1998, Appellant was found guilty of numerous counts of Burglary, 18 Pa.C.S.A. §3502(A); Theft by Unlawful Taking, 18 Pa.C.S.A. § 3921(A); Receiving Stolen Property, 18 Pa.C.S.A. § 3925(A); Criminal Trespass, 18

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

Pa.C.S.A. § 3503(A)(1); and Conspiracy, 18 Pa.C.S.A. § 903. The trial court sentenced Appellant to an aggregate term of seventy (70) years to one hundred forty (140) years in prison. Appellant did not file a direct appeal; however, he filed his first PCRA petition on August 4, 1999, and this Court affirmed the trial court's denial of the same on October 17, 2001. **See** **_Commonwealth v. Cintron_**, 1825 MDA 2000 (Unpublished Memorandum).

Following two additional, unsuccessful PCRA petitions, Appellant filed the instant petition, his fourth, _pro se_, on August 23, 2018. The PCRA Court filed an Order and Notice of Intention to Dismiss pursuant to Pa.R.Crim.P. 907 on July 8, 2019. Appellant submitted a response wherein he simply restated the arguments he had raised in his fourth PCRA petition without addressing the position of the PCRA court regarding its untimeliness. The PCRA court filed its Order dismissing the petition as untimely on August 14, 2019.

Appellant filed a timely notice of appeal on September 6, 2019. On September 17, 2019, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant complied on October 11, 2019. On December 17, 2019, the trial court filed its Opinion pursuant to Pa.R.A.P. 1925(a).

In his brief, Appellant presents the following questions for our review:

1. DIDN'T THE TRIAL COURT FAIL TO PROVIDE A HEARING FOR A FACTUAL DETERMINATION, WHERE APPELLANT WAS DENIED HIS RIGHT TO A DIRECT APPEAL?

2. DIDN'T THE TRIAL COURT ERR IN FAILING TO HOLD A HEARING REGARDING INEFFECTIVE ASSISTANCE OF

- 2 -

> COUNSEL IN THE DENIAL OF A CONSTITUTIONAL RIGHT. WHERE THE RIGHT OF APPEAL IS A GUARANTEED RIGHT.
>
> 3. DID THE COURT ERR IN FAILING TO GRANT NUNC-PRO-TUNC RELIEF AND THERE BEING A MISCARRIAGE OF JUSTICE?

Brief for Appellant at 3.

This Court reviews an order denying a petition under the PCRA in a light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of the record, and we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012) (citations omitted).

It is axiomatic that any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Notably, this limitation is applicable even when a petitioner raises challenges to the legality of the sentence in the PCRA petition. **See Commonwealth v. Beck**, 848 A.2d 987 (Pa.Super. 2004).

Herein, Appellant's judgment of sentence became final on or about September 27, 1998, when the time to file a direct appeal with this Court expired. *See* 42 Pa.C.S.A. 9545(b)(3). Thus, Appellant's instant PCRA petition filed nearly twenty years later on August 23, 2018, is facially untimely. Notwithstanding, Pennsylvania courts may consider an untimely petition if the petitioner explicitly pleads and proves one of the three exceptions to the PCRA time-bar set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii).[2] Any PCRA Petition invoking one of the exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

Appellant herein did not attempt to plead or prove any of the three exceptions to the PCRA time bar. To the contrary, he fails to acknowledge the

---

[2] To invoke an exception, a petition must allege, and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

untimeliness of the instant petition and, instead, the arguments he presents regarding counsel's failure to file a direct appeal simply rehash those he set forth in his previous PCRA petitions. Both the PCRA court and this Court have determined these assertions to be meritless, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal. ***See Commonwealth v. Cintron***, 689 MDA 2012; ***Commonwealth v. Cintron***, 619 Pa. 698, 63 A.3d 1243 (2012) (Table). Therefore, we lack jurisdiction to address the merits of Appellant's issues on appeal, for if a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa.Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

Moreover, even it Appellant had attempted to invoke one of the aforementioned timeliness exceptions with regard to the issues he presents on appeal, he would not be entitled to relief. PCRA petitioners must plead and prove that an allegation of error has not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3). An issue is deemed "previously litigated" when either "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue," 42 Pa.C.S.A. § 9544(a)(2), or "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(3).

Additionally, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); **See also Commonwealth v. Hopkins**, 2020 WL 1671517 at *11 (Pa.Super. April 6, 2020). Accordingly, we cannot proceed to the merits of Appellants arguments. **Id**.

Order Affirmed.[3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/23/2020

---

[3] On January 17, 2020, Appellant filed what he titled a "Request to Consolidate All Case Numbers for Appeal" wherein he asks this Court to consolidate the lower court docket numbers because his appeal involved a single trial. As stated previously, Appellant's numerous PCRA petitions followed a consolidated jury trial. As these cases previously were consolidated, and in light of our disposition herein, this Motion is Denied as moot.