J-A11014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD SHELDON | : | |
| | : | |
| Appellant | : | No. 1854 MDA 2019 |

Appeal from the PCRA Order Entered August 8, 2019
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0000839-2009

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                  **FILED JULY 06, 2020**

Todd Sheldon appeals, *pro se*, from the order dismissing his petition for writ of *habeas corpus*, which the court treated as his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. After careful review, we affirm.

Sheldon entered a plea of no contest to two counts of Rape of a Child. In accordance with his plea agreement, the trial court sentenced Sheldon to 10-20 years' imprisonment followed by 20 years' probation. Sheldon did not file a post-sentence motion or direct appeal.

Several years later, Sheldon filed a *pro se* PCRA petition alleging that his mandatory minimum sentence under 42 Pa. C.S.A. § 9718 is unconstitutional based upon ***Alleyne v. United States***, 570 U.S. 99 (2013)

_____

[*] Former Justice specially assigned to the Superior Court.

and its Pennsylvania progeny. The PCRA court appointed counsel to represent him. Upon review, the court concluded Sheldon's petition was untimely, and he failed to plead any exception to the PCRA's time bar. As a result, the PCRA court dismissed the petition without a hearing.

Sheldon later filed a petition for writ of *habeas corpus*, again claiming his sentence was unconstitutional pursuant to **Alleyne**. He also maintained that his claim was not cognizable under the PCRA.

After reviewing his petition, the PCRA court concluded that Sheldon challenged the legality of his sentence. As such, the court treated his *habeas* petition as a PCRA petition subject to the PCRA's timeliness requirement. On that basis, the court determined that Sheldon's second PCRA petition was also untimely. The court notified Sheldon, pursuant to Pa.R.Crim.P. 907, of its intention to dismiss his petition. Sheldon did not file a response. The PCRA court then issued an order dismissing Sheldon's petition. This timely appeal followed.

Sheldon's sole issue on appeal is that the PCRA court erred in treating his *habeas corpus* petition as an untimely PCRA petition and dismissing the petition on that basis. **See** Appellant's Brief, at 7.

"Our standard of review for issues arising from the denial of PCRA relief is well settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." **Commonwealth v. Presley**, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted).

Sheldon argues that **Alleyne** renders his mandatory minimum sentence constitutionally infirm. **See** Appellant's Brief, at 8. **Alleyne** held that any fact that imposes a mandatory minimum sentence beyond the prescribed statutory minimum sentence must be submitted to a jury and proven beyond a reasonable doubt. **See Alleyne**, 570 U.S. at 111-113. He asserts that his sentence, imposed pursuant to 42 Pa. C.S.A. § 9718, is unconstitutional because it does not conform to the requirements set forth in **Alleyne**. **See id**., at 8 and 15. Further, he contends that, because his claim implicates the constitutionality of his sentence, it is not cognizable under the PCRA and therefore is not subject to its time limitations. **See id**., at 12.

At the outset, we must address whether the PCRA court properly addressed Sheldon's *habeas* petition under the PCRA. If "a defendant's post-conviction claims are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (citations omitted). The PCRA incorporates the remedy of *habeas corpus* if it offers the petitioner a remedy pursuant to that Act. **See Commonwealth v. West**, 938 A.2d 1034, 1043 (Pa. 2007). Similarly, the writ of *habeas corpus* is not an available remedy if relief could be obtained via a post-conviction hearing proceeding. **See** 42 Pa.C.S.A. § 6503. Therefore, regardless of how the petition is styled, "a defendant cannot escape the PCRA time-bar by titling

his motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (footnote omitted).

Here, we agree with the PCRA court that Sheldon's sentencing claim is cognizable under the PCRA as a challenge to the legality of the sentence. ***See Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004). The PCRA states that "[t]his subchapter provides for an action by which . . . ***persons serving illegal sentences*** may obtain collateral relief." 42 Pa. C.S.A. § 9542 (emphasis added). Furthermore, we have held that claims pursuant to ***Alleyne*** implicate the legality of the sentence and, therefore, fall within the scope of the PCRA. ***See Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super 2014) (en banc). Accordingly, *habeas* relief is not available for Sheldon's petition, and the PCRA court properly addressed his petition under the PCRA. As such, Sheldon's petition is subject to the PCRA's explicit time limitations.

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final. ***See Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id***., at 17. After the expiration of the one-year period, a petitioner must plead and prove one of three enumerated exceptions to the time bar in order to establish jurisdiction under the PCRA. ***See id***.

As Sheldon sought no further review of his judgment of sentence, it became final thirty days after sentence was imposed. *See* Pa.R.A.P. 903(a). The instant petition, filed almost 10 years later, is patently untimely. Further, given his belief that his petition is not subject to the PCRA, Sheldon has not asserted that his petition falls within any of the timeliness exceptions provided in the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Even if Sheldon had argued that his petition was timely pursuant to the newly recognized constitutional right exception to the PCRA's time bar, we note that *Alleyne* does not apply retroactively to cases on collateral review in Pennsylvania. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016). He is therefore due no relief in any event.

In sum, the PCRA court properly concluded that it lacked jurisdiction to consider Sheldon's request for relief because his petition was untimely and failed to assert an exception to the PCRA time bar. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/06/2020